AUSTIN LEE *vs.* THE TOWN OF BARKHAMPSTED.

The statute (Gen. Statutes, tit. 16, ch. 7, sec. 10,) provides that when an injury on a highway is caused by a structure legally placed upon it by a railroad company, the company, and not the party bound to keep the road in repair, shall be liable therefor. Held that a moving train of cars was not a structure within the meaning of the statute.

A declaration alleged that a certain highway was defective and unsafe, and that by reason thereof the horse of the plaintiff ran into and his carriage was

dashed upon a large pile of rocks lying upon the highway and contiguous thereto and by means thereof were injured. Held to be clearly sufficient after verdict, and the court inclined to regard it as good on demurrer.

The question whether, considering all the circumstances, a town had done all that could reasonably be required to make a highway safe, and whether a pile of rocks by the side of the road was a defect of the highway, are questions of fact, the conclusions of the jury upon which can not be reviewed by this court.

The highway in question had formerly been a turnpike road. The turnpike company, four years before the injury, had ceased to repair it or to take tolls upon it, and the town had immediately after assumed the control of it and had ever since kept it in repair. The act in force at that time (Gen. Statutes of 1866, tit. 31, sec. 93,) provided that where a turnpike company in such manner abandoned its road for one year, it should constitute an abandonment and forfeiture of its corporate rights and the road should become a public highway. Held that no certificate or other act of the turnpike commissioners was necessary to make the abandonment complete.

ACTION upon the statute with regard to highways and bridges, to recover for an injury from a defective highway of the defendant town; brought originally before a justice of the peace, and appealed by the defendants to the District Court of Litchfield County, and there tried to the jury on the general issue, before *Hall, J.* Verdict for the plaintiff, and motion for a new trial by the defendants. The defendants also moved in arrest of judgment for the insufficiency of the declaration, which motion was reserved with the other for the advice of this court. The case is sufficiently stated in the opinion.

*H. Goodwin* and *J. B. Foster*, in support of the motion.

*A. H. Fenn*, contra.

LOOMIS, J. This action was brought to recover damages' for injuries to a horse and carriage occasioned by a defective highway in March, 1877. A trial was had to the jury, who returned a verdict for the plaintiff; and the defendant moved in arrest of judgment for the insufficiency of the declaration, and also made a motion for a new trial for alleged errors in the charge to the jury.

The declaration is claimed to be fatally defective because it does not point out with sufficient precision the particular defects in the highway which caused the injury. The allega-

tions are, that the highway in question "was out of repair, defective and unsafe, and insufficient; that by reason and means of said defective highway and road, and the dangerous and unsafe condition of the same, the said horse of the plaintiff ran upon and his carriage was dashed upon and fell over a large pile of stones, rocks and bowlders, lying upon said highway and road, and in and contiguous thereto, and by reason and means thereof were injured."

The language might doubtless have been more clear and explicit, but still it is not correct to say that it does not indicate wherein the highway was defective, for the pile of rocks upon the highway is pointed out as the means by which the injury complained of was occasioned. But if the objection was intended to go back a step further and rely on the fact that it does not appear how these rocks made the road defective, then we reply that it was not necessary as matter of allegation, but only as matter of proof. The alleged defect must undoubtedly be one which the court can see might constitute an actionable defect if injury resulted from it. A pile of rocks upon the highway would fully answer such a requirement, and the court can see that they might constitute a defect and cause an injury, either by constituting a direct obstruction to travel, by causing horses of ordinary gentleness to shy, or, (as the facts of this case show,) by being left at such a place in reference to the traveled path and objects on the opposite side of the road, as that horses were peculiarly liable to shy towards and upon the rocks.

We are inclined to think the declaration would be sufficient even on demurrer; but we are clear that it is sufficient after verdict.

The motion for a new trial is predicated upon the refusal of the court to charge the jury as claimed by the defendant with reference to the law arising upon certain facts which appeared on the trial.

It seems that the highway in question was formerly a turnpike road belonging to the Greenwoods Turnpike Company, a duly incorporated company, and was four rods wide, but when the Connecticut Western Railroad was constructed it

was so laid at the place in question as to occupy about one-half of the width of the turnpike, and in the process of construction large rocks were removed from the track of the railroad and deposited on the opposite side of the highway within six feet of the traveled path, where they were allowed to remain until after the injury described in the declaration, which were claimed to be obstructions to public travel, and dangerous, particularly as it was claimed to have been proved that horses of ordinary gentleness were liable to be frightened by the cars at this point, and to shy to the opposite side upon the rocks; and in this manner it was claimed that the accident happened to the plaintiff. The turnpike company had charge of the highway until the winter of 1872–3, when it abandoned the same, threw open the gates, and ceased to take toll and attend to the repairs. In the spring of 1873 the defendant town assumed the control of the road, and has ever since maintained and repaired it, treating it in all respects as a public highway belonging to the town. No evidence was offered to show any certificate by the turnpike commissioners of the abandonment of the road by the turnpike company, or of its neglect to repair it, or of any act of the commissioners relative to the road.

In view of these facts, the defendants claimed, in the first place, that the turnpike company and not the town was liable for the injury, upon the ground that the facts showed no lawful abandonment of the road, and that the filing of a certificate by the turnpike commissioners was necessary to consummate the abandonment.

In support of this proposition the sixth section of part second, title sixteen, of the General Statutes of 1875, and the case of *Reed* v. *Cornwall*, 27 Conn., 48, were cited.

We think the case is controlled, not by the above citations, but by section ninety-three, page 512, of the General Statutes of 1866, which is as follows: "Whenever any turnpike company, for the period continuously of one year or more, shall have wholly neglected to repair its road, and ceased to take toll thereon, such neglect shall be a forfeiture and abandonment by said company of its corporate powers; and said

turnpike road, from and after the expiration of said year, shall be and remain a public road of the town or towns where situated."

This statute was in force at the time of the abandonment relied upon, and continued in force till the revision of 1875; and under its operation the court committed no error in charging the jury "that if they were satisfied from the evidence that ever since the winter of 1872–3 the turnpike company had wholly abandoned the road, and had voluntarily thrown open their gates and ceased to take toll and to repair the road, and should further find that the town had adopted the road as a public highway, and had ever since the spring of 1873 continuously assumed the control thereof, and maintained and repaired the same as claimed by the plaintiff, then that the highway at the time of the accident was a public road of the town, and that the filing of a certificate by the turnpike commissioners of the neglect of the company to repair the road was not necessary to render the defendants liable."

In the next place the defendants claimed that the railroad track, together with the cars passing over it, constituted within the meaning of the statute a "structure" placed upon the highway by the railroad company, and "requested the court to charge the jury that if they should find that the plaintiff's horse, having first been frightened by the cars, shied out of the traveled path of the road, and ran against the rocks on the east side of the road, and so injured the plaintiff's property, then the track and cars caused the injury, and the Connecticut Western Railroad Company and not the defendants were liable therefor, even if they should find the highway defective by reason of said rocks." The court, not accepting the defendants' construction of the statute, did not comply with the above request; and the question whether the court erred in that respect depends upon the meaning of the word "structure" as used in the statute, (Revision of 1875, p. 232, sec. 10,) which provides that "when the injury is caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road

in repair, shall be liable therefor." The structure referred to must have been one legally placed on the road, and must have been the cause of the injury. We think the railroad track would be a structure, and it seems to have been legally placed on a part of the road. But the track was not the cause of the injury, even as claimed by the defendants, but the appearance and noise of the moving train on the track was the cause, and this cannot well be construed as a part of the structure. The latter word in its connection, being a structure "placed on such road," obviously refers to some permanent stationary erection, rather than to a moving car or locomotive engine. We think therefore that the court committed no error in refusing to charge as requested.

The remaining questions which appear in the motion are, whether, considering the width of the traveled path, the situation of the rocks, the ruggedness of the adjoining land, the difficulty of finding any other place for the rocks, and the proximity of the railroad, the defendant town had done all that could be reasonably required; and whether, under the circumstances, the rocks were a defect of the highway. The raising of these questions upon the motion must be regarded as an attempt to convert questions of fact into those of law in order to revise the finding of the jury. This clearly can not be done.

The declaration is sufficient, and a new trial is not advised.

In this opinion the other judges concurred.