## NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY ET AL. *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, Jan. Term, 1898.   ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

.Section 3481 of the General Statutes, passed in 1883, forbids the construction of highway crossings at grade over the tracks of a railroad. · *Held* that this prohibition applied to all highway grade crossings not fully completed at the passage of the Act, without regard to whether such highways were laid out before or after that time.  ·

A city has no right to enter upon the layout of a railroad and construct or repair a highway grade crossing by laying planks and timbers between the rails.   This work is required by statute (§ 3499) to be done by the railroad company, and in case of its wrongful neglect or refusal performance may be enforced by the railroad commissioners.

Section 31 of the defendant's charter gave to its common council sole and exclusive authority and control over all streets and highways within the city limits, and sole and exclusive power to lay out, make and repair such highways.   *Held* that this provision must be construed with reference to the general statutes giving to the railroad commissioners the control of highway grade crossings, and, in case of conflict, must yield to the paramount authority of the general law.

[Submitted on briefs January 20th—decided March 2d, 1898.]

SUIT to restrain the defendant from constructing any highway crossing upon the roadbed of the plaintiffs at certain streets in the defendant city, brought to the Superior Court in New Haven County and tried to the court, *Roraback, J.*, upon the plaintiff's demurrer to the defendant's second defense; the court sustained the demurrer (following a ruling of *Thayer, J.*, in sustaining a similar demurrer at an earlier stage of the cause) and rendered judgment for plaintiffs, and the defendant appealed for alleged errors in the rulings of the court.   *No error.*

The complaint contained three counts, and alleged that within the limits of the city two certain ways, known respectively as Ivy street and Hazel street, run up to and abut

upon the layout of the railroad where its tracks are constructed, which is owned in fee by the New Haven & Northampton Railroad Company, of which company the New York, New Haven & Hartford Railroad Company are lessees; that said ways have never been constructed across the rails and layout of the plaintiffs; that the portions of said ways within the limits of the layout of the railroad have long since been abandoned and discontinued, and have been impassable in vehicles, by reason of ditches and embankments within the former lines of said ways and by reason of the absence of planking or other means for making said crossings passable; that in September, 1896, the boards of aldermen and councilmen of New Haven passed an order "that the board of public works should, by grading and planking, construct crossings within the lines of the layout of said Ivy street and Hazel street, so as to make a way over the tracks of said railroad at grade passable for vehicles and travelers"; that said city, through its board of public works, threatens to open said streets and construct the same over and across the property of the plaintiffs, and thereby establish two dangerous grade crossings, contrary to the policy and the statutes of the state; and that the defendant through its officers and agents threatens unlawfully to enter upon, plank, timber and otherwise construct a crossing and passage-way across the layout and rails of the plaintiffs at said places.

In one of its answers the defendant alleged that said Hazel and Ivy streets were, and for more than thirty years had been, highways, and as such had existed across the railroad tracks of the plaintiffs, and during all that period had been open to public travel and been used by the public for the purposes of travel.

The plaintiffs demurred to this answer, upon the ground that it did not appear that said city had the right to construct or order the construction of a passage-way across said layout. This demurrer was sustained by the court.

The defendant also filed a second defense to all the counts of the complaint, which was as follows:—

"1. Said Hazel and Ivy streets are and have been high-

ways for more than thirty years, and as such have existed across the railroad tracks of the plaintiffs, and during all of said period they have been open to public travel, and as such have been used for the purposes of public travel. 2. The defendant admits the passage of the order referred to in paragraphs 4 and 5 of the plaintiffs' first and second counts. 3. It is the duty of the plaintiffs to plank said crossings, and said city intends to take all legal steps to compel the planking of said crossings, and it is admitted that said city did intend to place planks between the rails on said crossings within the limits of the said highways, taking all necessary precautions for the safety of the public and those traveling on the trains of the plaintiffs, in case the plaintiffs failed to fulfill their duty."

The plaintiffs demurred to this answer, upon the ground that " even if Hazel and Ivy streets, respectively, are highways, and it is the duty of said plaintiffs to plank said crossings, it does not appear that the city has the right to construct or order the construction of a passage-way across said layout, or to place planks between the rails on said crossings within the limits of said highways, even though in so doing it take all necessary precautions for the safety of the public and those traveling on the trains of the plaintiff, The New York, New Haven and Hartford Railroad Company, until it shall first have exhausted all legal means for compelling said plaintiff, The New York, New Haven & Hartford Railroad Company, to construct said passage-ways as aforesaid."

The court sustained this demurrer, and rendered judgment permanently restraining the defendant from entering upon the roadbed of the plaintiffs for the purpose of laying any plank or placing any substance between the rails or upon the ties of the railroad tracks or roadbed of the plaintiffs. The sustaining of these demurrers and the rendering of said judgment in favor of the plaintiffs, are the reasons of appeal assigned by the defendant.

*William H. Ely*, for the appellant (defendant).
Section 3499 of the General Statutes requires the defend-

ant to plank its crossings, but the company refuses to do this, and, while refusing and while violating the law, asks a court of equity to uphold it in its refusal and to prevent the city from doing anything to improve these crossings. Clearly under these circumstances an injunction should not be issued at the demand of the railroad company. *Pittsburg, etc., Ry. Co.* v. *Chicago,* 42 N. E. Rep. 783. The right of a railroad company to run its trains across a street is strictly subordinate to the public right of ordinary travel. *Railroad Co.* v. *Carson,* 66 Tex. 345.

*George D. Watrous* and *Edward G. Buckland,* for the appellees (plaintiffs).

The plaintiff has the sole right to construct highway crossings over its tracks, either of its own free will, or under the direction and orders of the railroad commissioners. Gen. Stats. §§ 3499, 2673. The city of New Haven has no right to construct a crossing and lay planking upon the layout and tracks of the appellees. The specific means of compelling the construction of crossings, resides wholly in the railroad commissioners. The statute which creates this obligation excludes all other means. Endlich Interp. Stats. §§ 154, 465; *Camden* v. *Allen,* 26 N. J. L. 398; *U. S.* v. *Lyman,* 1 Mason, 481; *Sharp* v. *Curtiss,* 15 Conn. 526; *Dudley* v. *Mayhew,* 3 N. Y. 9; *Moyer* v. *Kirby,* 14 Serg. & R. 162; *State ex rel. N. H. & D. R. Co.* v. *R. R. Com'rs,* 56 Conn. 308. The provisions of a subsequent specific statute or charter are to be complied with, to the exclusion of the provisions of a prior general statute. *Townsend* v. *Little,* 109 U. S. 504; *Dewey* v. *Central Car & Mfg. Co.,* 42 Mich. 399; *State* v. *Clark,* 25 N. J. L. 54; *State* v. *Morristown,* 33 id. 57. The city was, at least, premature in attempting to plank a crossing over the tracks of the appellees; it should have first made a request of the railroad company to construct said crossings, and if said request had been refused, should have applied to the railroad commissioners as required by § 3499 of the General Statutes.

HALL, J. The complaint alleges that neither Ivy nor Hazel street has ever been constructed across the layout and rails of the plaintiffs, and that that portion of each of said streets within the limits of the layout of the railroad is, and for a long time has been, impassable in vehicles, by reason of ditches and embankments and the absence of planking. The defendant answers that said streets for more than thirty years have been highways, and as such have existed across the railroad tracks of the plaintiffs, open to public travel and used for the purposes of public travel. The plaintiffs demur to this answer.

There seems to be some doubt from the pleadings whether grade crossings have ever been constructed over the plaintiffs' tracks at the places in question, nor is it entirely clear from the record what the contention of the defendant is as to the power of the city of New Haven in the construction of these crossings.

The order of the court of common council of New Haven, which the answer admits to have been passed, directs the board of public works " by grading and planking " to " construct crossings within the lines of the layout of said Ivy street and Hazel street, so as to make a way over the tracks of said railroad at grade passable for vehicles and travelers."

If it be the defendant's claim that because Ivy and Hazel streets were laid out as highways thirty years ago across the plaintiffs' tracks, and that though the crossings have at no time been actually completed across the rails of the plaintiffs' railroad, and have never been constructed so as to be passable by vehicles, yet because these streets have been open across the tracks and have been used to some extent for the purposes of public travel during that period, the city may now construct grade crossings at these points, or may by grading and planking complete the partially constructed crossings so as to render them passable in vehicles, —such claim is, in our opinion, untenable.

Section 3481 of our General Statutes prohibits the construction of a highway, or a new portion of a highway, across a railroad at grade. This section does not mean that high-

ways which have been laid out as such across the tracks of a railroad at grade, before the passage of the Act, can after the enactment of the law be constructed across the rails at grade. It is not the laying out, but the construction of the highways across a railroad, which is required by statute to be over or under the railroad. *Smith* v. *New Haven*, 59 Conn. 203, 210.

Even though these highways were laid out across the plaintiffs' tracks many years before the passage of the Act of 1883, and though the construction of the highways across the tracks had been partially finished, and so as to admit of their use in some of the ordinary methods of public travel, but not in others —as for foot travelers, but not for vehicles — neither the court of common council nor the railroad commissioners had authority after this law had gone into operation, to order the completion of the construction of the crossings at grade. If such partial construction of the highway is to be completed, it must be over or under the railroad, as may be directed by the railroad commissioners.

This court in the case of the *New York & N. E. R. Co.* v. *Waterbury*, 55 Conn. 19–24, in speaking of the purpose of this Act said: "It means that although a highway may have been previously laid out, partially constructed and even built upon, if it has not actually been completed for public use across the rails of the railway, such crossing shall not thereafter be made." And again: "If it (referring to the highway then under discussion) had been legally laid out, the construction of any portion of it across the plaintiff's railway at grade became illegal before it was accomplished."

But the record before us does not furnish a complete history of the construction of these crossings, nor full information as to their present condition. We must, therefore, consider the case in another of its possible aspects. Let us assume that the construction of these crossings had been fully completed for public travel in all its ordinary forms, before the passage of the Act of 1883; but that at the present time, in order to render public travel across the railroad at these points safe and convenient, it is necessary that the

rails should be protected or guarded by planks or timbers placed between and immediately outside of the tracks. May the agents of the city, under an order of the court of common council, enter upon the layout of the railroad and construct or repair the crossing by laying such planks and timbers?

We think it clear that they cannot; and that the city can neither do this work by its own agents, nor authoritatively order it to be done by the railroad company, even after the refusal of the latter to perform it. This work, though for the benefit of those who use the highways, should be performed so that neither the act nor the method of construction will unnecessarily interfere with the operation of the plaintiffs' railroad, and so as in the least degree possible to endanger life and property. Manifestly, it can best be so performed by and under the direction of the experienced employees and officers of the railroad company. Section 3499 of the General Statutes expressly requires this work to be done by the company operating the railroad crossed by such highway. The city of New Haven would not be liable for an injury to person or property caused by the unprotected and unguarded condition of these railroad tracks. Section 2673 of the General Statutes providing an action for injuries sustained by reason of defective roads and bridges, enacts that "when the injury is caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor." The tracks of a railroad are a structure, within the meaning of this provision. *Lee* v. *Barkhampsted*, 46 Conn. 213–218.

It is claimed by the defendant that § 31 of its charter, giving the court of common council sole and exclusive authority and control over all streets and highways within the limits of said city, and sole and exclusive power to lay out, make or order and repair such highways (9 Special Laws, p. 287), empowers the city to construct these crossings. The plaintiffs contend that under § 3499 of the General Statutes this work must be done by the railroad company and not by the city, and that upon the refusal or failure of the railroad company its performance can be compelled only by the order of the railroad commissioners.

By the law of this State the railroad commissioners and not the municipal authorities, have sole original jurisdiction of questions relating to changes in highways at grade crossings, when the determination of such questions affects the safety of the public. *State's Atty.* v. *Selectmen of Branford*, 59 Conn. 402–411. In view of the public statutes giving the railroad commissioners the control over highways at grade crossings, which were in force at the time of the passage of the Act of 1881 amending the defendant's charter, and of the public laws upon that subject which have been since enacted, the language of § 31 of the city charter should not be interpreted literally. It must be construed with reference to these general laws; and the general laws concerning the control of highways at grade crossings, in so far as they conflict with the provisions of § 31, must control.

The subject of the relative powers, over highways at railroad crossings, of the court of common council of New Haven, as defined by § 31 of its charter, and those of the railroad commissioners, under the general laws of the State, has been recently considered by this court in the cases of *Cullen* v. *New York, N. H. & H. R. Co. et al.*, and *Tallmadge* v. *Same*, 66 Conn. 211–222.

It is our conclusion that the city authorities of New Haven have neither the power to order the railroad company to construct or repair these crossings by planking or timbering them, nor to perform this work of construction or repairing by the agents of the city; that if this work may now be lawfully done and this crossing be made passable at grade, the only remedy of the city, upon the refusal or neglect of the railroad company to perform the duty imposed upon it by statute, is by application to the railroad commissioners under the provisions of § 3499 of the General Statutes.

There is no error.

In this opinion the other judges concurred.