GEORGE LAVIGNE *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, April Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Under § 2020 of the General Statutes, Rev. 1902, a municipal corporation is not liable in damages to a person who is injured by a defect in that portion of one of its highways which is lawfully occupied by the tracks of a street-railway company. The duty to maintain such portion of the highway in a safe condition for public travel is imposed, not upon the municipality, but upon the street-railway company, which is by force of the statute subjected to a fine or forfeiture for its neglect, measured by the actual damage sustained by the party injured thereby.

Section 3838, which permits the municipality to be joined as a codefendant with the street-railway company, under such circumstances, does not impliedly authorize an action against the municipality alone. The peculiar action sanctioned by this section is but a sub-

stitute, maintainable at the option of the person injured, for the action which, under § 2020, lies against the street-railway company.

Argued April 15th—decided July 24th, 1903.

ACTION to recover damages for personal injuries caused by a defective highway, heard in damages to the Superior Court in New Haven County, *Roraback, J.*; facts found and judgment rendered for $400, and appeal by the defendant. *Error; judgment to be rendered for nominal damages only.*

*Leonard M. Daggett*, for the appellant (defendant).

*Benjamin Slade*, for the appellee (plaintiff).

HAMERSLEY, J. In framing the complaint for such an action it is better to state in the claim or prayer for relief, that the particular relief demanded is that given by force of the statute. 2 Swift's Digest, p. 596; Practice Act, *Form No. 135.*

The judgment of the trial court depends upon the proposition affirmed by it, that our statutes authorize an action against a town or city, by a person injured by means of a defect in that portion of a highway within the municipal limits which is legally occupied by the tracks and roadway of a street-railway company, other than the special action against a railroad and municipality authorized by § 3838 (Rev. 1902). If this proposition is unsound, the court clearly erred in rendering judgment for substantial damages and in not rendering judgment for nominal damages. Error in this ruling is the principal one assigned in the reasons for appeal, and the only one which need be considered.

The maintenance of highways in a reasonably safe condition for the legitimate use of the traveling public is a governmental duty. That duty belongs to towns, unless imposed in exceptional cases upon some particular person. This duty was to a certain extent voluntarily assumed by towns from our earliest settlement, and was occasionally imposed upon particular towns, in respect to particular highways, by special

orders of the General Court. In 1643 the general duty was committed to public officers called "surveyors," to be appointed by the several towns. In 1672 the several townships were ordered to keep in sufficient repair all highways and bridges within their limits, and the context clearly shows that the general duty did not include highways "the care whereof doth belong . . . to particular persons to repair." Statutes, 1672, p. 7. In the Act as revised and published in 1750 (Acts, 1750, p. 17), the general duty to repair all highways is expressly qualified by adding : "unless where it belongs to any particular person, or persons . . . in any particular case ; " and the imposition of the duty to repair has ever since been expressed in similar language, and is stated in the last Revision (1902) as follows (§ 2013) : "Towns shall, within their respective limits, build and repair all necessary highways and bridges, . . . except where such duty belongs to some particular person."

In the absence of legislation, persons using a public highway do so at their own risk. If injury occurs from any defect in the way not resulting from the personal tort of an individual, but solely from the manner in which the State executes its function of providing avenues for public travel, such defect and injury is not an occasion from which any cause of action arises. No legal right of the person injured has been invaded; no legal duty to him has been violated. This is equally true when execution of the function is committed to the inhabitants of a municipality; the governmental duty thus imposed is a burden which the inhabitants are compelled to carry, and the failure to obey the law, or neglect in its execution, may be punished in any manner the State may prescribe. But the mere imposition of the burden creates no duty and corelative right, as between the municipality and the persons using the highway. Where the burden is voluntarily assumed in the promotion of private benefit, another principle may become involved, although such assumption may be of the nature of a governmental duty.

Different modes of punishing neglect of this duty, and of

compelling obedience, have been provided by law; but that most effective and generally used is the fine or forfeiture measured by the actual damage suffered by an injured person. In this way the State voluntarily compensates the person injured through his reliance upon its reasonable execution of this governmental function, and punishes the municipality upon which it has imposed such execution, for neglect of duty in this respect, by compelling it to pay the compensation thus authorized, as a penalty for its neglect. By force of this legislation only, and within the limits of its terms, can any action or proceeding against a town in respect to a defect in a public highway be maintained. No duty and no liability exists that is not imposed by statute. *Chidsey* v. *Canton,* 17 Conn. 475, 478; *Stonington* v. *States,* 31 id. 213, 214; *Burr* v. *Plymouth,* 48 id. 460, 472; *Beardsley* v. *Hartford,* 50 id. 529, 537; *Lounsbury* v. *Bridgeport,* 66 id. 360, 364; *Daly* v. *New Haven,* 69 id. 644, 648; *Bartram* v. *Sharon,* 71 id. 686, 693; *Upton* v. *Windham,* 75 id. 288, 292.

The liability to the penalty is limited by the same terms used to limit the duty for the neglect of which the penalty is the punishment. As expressed in the Public Acts of 1750, p. 17: The duty of the town ends where the duty of maintenance in sufficient repair belongs to any particular person or persons in any particular case, and the liability to penalty extends only to " the town, or person which ought to secure, and keep in sufficient repair such ways; " that is, to the town or person through whose neglect (of duty imposed by the statute) such hurt is done. When this language was originally used, there were few instances of the duty to repair resting on persons, other than townships. In respect to some highways it was imposed upon the county. Special orders of the General Court may have put the duty upon a particular town in respect to a bridge or highway without its limit. Possibly the duty of repairing certain bits of highway leading to ferry-landings may have belonged to owners of ferry franchises. But it is evident that the language is used chiefly to express with certainty the principle on which the legislation is based, applicable

alike to future and present conditions : that is, when the State commits to any person the execution of its functions of providing safe highways, in respect to any highway or any portion of a highway, it will punish neglect by that person of the governmental duty thus imposed, whenever an innocent traveler is injured by a defect in the highway existing through such neglect. This duty is, by a general statute (§ 2013, Rev. of 1902), specifically imposed upon the several towns in respect to highways and portions of highways within their limits, whose maintenance is not committed to other persons ; it is, by particular statutes, specifically imposed upon some particular persons in respect to particular highways and portions of highways.

The penalties for neglect are directed to the person who neglects the duty imposed. The general statute necessarily includes, by reference, all particular statutes, and the duty to repair, and the penalty for neglect, in respect to any portion of highways designated in a particular statute, is imposed on the particular persons therein named, and is not imposed upon the several towns.

The first occasion for applying the principle of the statute to new conditions arose when turnpike companies began to be chartered. In an action upon the statute against such a company, to recover damages for an injury caused by a defect in the highway which the company had neglected to repair, it was claimed that the defendant was not liable because the statute did not authorize the action. Admittedly, turnpike roads are necessary highways within the limits of the town through which they pass. It was urged that the statute imposed the duty to repair a necessary highway, and the penalty for neglect, upon the town, unless the duty to repair in a particular case was imposed upon some other person; and that no statute imposed upon the defendant this duty, or a penalty for its neglect, enforcible by action upon the statute. But this court held that a turnpike company in accepting its charter, building its road, and collecting tolls, became bound by law to keep the highway in safe repair; and so the statute imposed the statutory duty, in this partic-

ular case, not upon the town, but upon the company; and
that the penalty for neglect and the action authorized for its
enforcement was, by the terms of the statute, directed, not
against the town, but against the turnpike company. *Goshen
& Sharon Turnpike Co.* v. *Sears*, 7 Conn. 86.

When cities and boroughs began to be incorporated within
the limits of towns, the duties and liabilities of towns in re-
spect to highways within the limits of a new municipality
were occasionally, and eventually were generally, transferred
from the town to the city or borough. But the imposition
of the duty to repair was never, to our recollection, accom-
panied by any penalty for neglect. The moment the par-
ticular statute imposed the duty, that moment the general
statute, by its express terms, provided the penalty and au-
thorized the action for its enforcement. Sometimes certain
powers of control and certain police powers in connection
with highways were given to the city, while the duty to
repair remained in the town. *Mead* v. *Derby*, 40 Conn. 205.

In this connection it must be remembered that cities, on
whom has been imposed the governmental duty of keeping
the streets in safe condition for travel, have also other powers
whose exercise may affect the condition and use of highways,
as they may be affected by the acts of any private person, and
that it is quite possible for the liability of the city for negli-
gence in the exercise of such powers, or in the performance
of any act it does as a private corporation, to become compli-
cated with its liability to pay the penalty prescribed by stat-
ute for a specified neglect of its governmental duty. We
are dealing now solely and exclusively with the liability to
this statutory penalty.

When, in 1859, horse-railroads, now called street-railways,
began to be chartered, the original principle of this legislation
was applied to such corporations. Each charter authorized
the construction of a railroad upon the highway, defined the
width of the highway which should be treated as occupied
by the railroad structure, and directed the company to keep
the highway, within the lines defining the width of the rail-
road thus constructed, in safe condition for public travel;

and gave to the town, within which the railroad should be
built, control of its location and manner of its construction,
and of the manner in which the company should conform
with its duty of keeping in safe repair a highway occupied
by such a structure. In accepting such charter and enjoying
the benefits of taking toll from travelers who employed the
additional facilities for the public use of the highway sup-
plied by the railroad, the company accepted the burden of
keeping that highway in repair, and the general statute by
its terms imposed that duty and the penalty for its neglect,
upon the company, and authorized an action against it for
enforcement of the penalty. When the neglect of the duty
of repairing this highway is followed by an injury, the statu-
tory penalty is incurred and the general statute authorizes an
action for its enforcement against the railway company and
not against the town.

As these charters differed in the language used for de-
fining the duties of the railroads and powers of the towns,
as well as in prescribing the width of the highway to be
treated as occupied by the road constructed, the legislature,
by public act, enacted these same rules for all, and gave to
the towns additional powers for compelling railroad companies
to perform the duty of maintenance thus put upon them, and
*ex abundanti cautela* declared the corollary inherent to the
imposition of the duty of the company : that no action should
be maintained against a town to enforce a penalty incurred
through the neglect of the company to perform the duty im-
posed upon it. Public Acts of 1863, p. 22.

In 1866 horse-railroads had come to be included in rail-
road legislation, and in the Revision of that year were classed
with steam railroads under the chapter dealing with "Rail-
roads." The provisions of the Act of 1863 were incorporated
in this chapter.

This declaration of the Act of 1863, of the legal effect of
an assumption by a railroad of the duty of a town, was in
1869 extended to the case of any railroad authorized to
place any structure in a highway, by providing that no ac-
tion should be maintained against the town for injury received

on a highway by reason of any structure placed therein by any railroad company by authority of law ; and the general statute was so amended as to state plainly that the railroad company, which by authority of law places in a highway any structure, is the party bound to keep that highway in repair, and it, and not the town or person otherwise bound to repair, is liable to the action authorized to enforce the penalty prescribed in such case for neglect of duty to repair.   Public Acts of 1869, Chap. 140 ; Revision of 1875, p. 232, § 10.   It is immaterial whether such railroad structure occupies the highway longitudinally, in furtherance of its use as a common way, or transversely, in limitation of that use.   *Lee* v. *Barkhamsted*, 46 Conn. 213, 217 ; *Allen* v. *New Haven & N. Co.*, 50 id. 215, 216.

In 1883 the statutory liability of a person bound to repair a highway, for neglect to perform that public duty, was limited to cases where the party injured had given to the person neglecting to repair the prescribed written notice (Public Acts of 1883, Chap. 105) ; and the grounds and extent of the original statutory action authorized to enforce that liability were restated in the language now in force.   General Statutes, § 2020 (Rev. 1902).   The requirement of a written notice applies to private corporations operating a railroad over or across a highway, because the duty of maintaining in a safe condition for public travel that portion of the highway covered by their tracks is imposed upon them by law, and the legislature intended to, and properly may, authorize, as against them, the same statutory action, with the same limitations, as that it authorizes against municipal corporations for neglect of a similar governmental duty.   *Crocker* v. *Hartford*, 66 Conn. 387, 390 ; *Shalley* v. *Danbury, etc., Ry. Co.*, 64 id. 381, 386.

The general meaning and effect of § 2020 (Rev. 1902), read in connection with § 2013, is well settled, and is this : The person on whom the State imposes the duty of executing, in respect to any highway, its function of maintaining in safe condition the avenues for public travel, shall be liable to a penalty for neglect of that duty, whenever injury hap-

pens to a traveler by means of a defect in the highway chargeable to such neglect. This penalty may be enforced by a civil action, and a party injured, who has given the prescribed written notice, may maintain such action and recover therein just damages for his injury against: (1) a town on whom the duty is imposed by General Statutes, § 2013 (Rev. 1902), when the defect by means of which the injury is caused is in a highway within its limits, in respect to which the duty to repair in that particular instance has been imposed on no particular person, but not otherwise; (2) a city or borough upon whom the duty of towns to repair has been imposed by particular statute, when the defect is in the highway within its limits, in respect to which the duty to repair in that particular instance has been imposed on no particular person, but not otherwise; (3) a turnpike or other corporation, upon whom, by force of particular statutes, the duty to repair the highway, or that portion of the highway, in which the defect exists, has been imposed; (4) a railroad corporation, when the defect in the highway is a defect in the railroad track or other structure legally placed upon the highway by said corporation; and in such case, whether the duty to repair that portion of the highway has been specifically imposed upon it by particular statutes or not, the railroad company, and not the party bound to keep the road in repair if it were not covered by such structure, shall be liable to the statutory action.

The complaint in this case states facts sufficient to support an action against the defendant under the statute, and states no other cause of action. The defendant in submitting to the default gave sufficient notice that he would contest, upon the hearing in damages, the facts essential to bring the case within the statute.

The trial court has found that the defect specified in the complaint, by reason of which the injury alleged happened, was in that portion of the highway legally occupied by the railroad track or structure of the Fair Haven and Westville Railroad Company, and was within the lines marking the portion of the highway in respect to which the duty to repair

was imposed upon that company by force of its charter and the statute, § 3838 (Rev. 1902). The plaintiff has therefore no cause of action, and the assessment of substantial damages is erroneous.

It is claimed that § 3838 (General Statutes, Rev. 1902), in authorizing a peculiar statutory action when injury happens "by reason of any defect in that part of the highway which any street railway company is bound to keep in repair," against the railroad company and the city, impliedly authorizes an action against the city alone, which is forbidden by the express terms of § 2020 (Rev. 1902). This claim is in violation of the principle which has controlled legislation on this subject for more than two centuries, and is apparently unjust.

Such an implication cannot be justified. This section was enacted in 1893 as a part of the law intended to regulate the whole subject of street-railways. Its first section formally repealed most of the existing statutes on the subject, although their substance was re-enacted in the following sections. This Act is incorporated in the Revision of 1902. It imposes upon street-railways absolutely the same duty, first imposed upon them by the Act of 1863, of keeping the highway within the specified lines of their railroad track in repair, and gives to the municipalities the same control over the manner in which that duty shall be performed, with certain additional powers. And the general act, § 2020 (Rev. 1902), applies with the same force, authorizing an action for neglect of this duty against the railroad company, and not authorizing it against the municipality. It provides, however, for another statutory action against the railroad company at the option of the party injured, in which the municipality may be made a defendant for the purpose of enabling the party injured, upon complying with certain conditions, to collect his judgment of the municipality, giving to it a lien upon all the tracks and property of the company within its limits, which may be foreclosed unless the company shall reimburse the municipality for this advancement. Provision is also made for a sort of informal interpleader during the course of the

trial between the two defendants, and an equitable reduction, of the amount for which the company is bound to reimburse the municipality, if the court or jury shall find that the defect the company neglected to repair was due to any negligence of any kind on the part of the municipality, and guards against any implied modification of the company's sole liability to the statutory action for neglect of its duty to repair, by expressly affirming that, although the municipality may exercise its power of control unwisely, and the company may have kept its part of the highway in repair to the satisfaction of the municipal authority, that fact shall not operate to shift the responsibility for injuries occurring by reason of defects therein from the railway company to the municipality.

It is evident that this is a very peculiar statutory action, only authorized as a substitute, at the option of the party injured, for the action against the railroad company authorized by § 2020 (Rev. 1902), and must be confined within the limits expressed. To our knowledge no action on this stattute has been brought since its passage in 1893. It is obviously to the interest of the injured party, unless under exceptional circumstances, to bring his action against the railroad company, rather than to adopt the cumbrous machinery of this proceeding for the sake of procuring municipal guarantee of his judgment.

In one case (*Carstesen* v. *Stratford*, 67 Conn. 428) we referred incidentally to the Act authorizing this action, but have never had occasion to consider the questions that may arise in its practical use; it is unnecessary to do so now, any further than may be involved in the decision that this peculiar proceeding is the only statutory action authorized against a town, city, or borough, in behalf of "any person injured in person or property by reason of any defect in that part of the street or highway which any street-railway company is bound by law to keep in repair."

There is error; the judgment of the Superior Court is reversed, and that court is directed to assess nominal damages and to render judgment accordingly.

In this opinion the other judges concurred.