ALBERT COLETTI *vs.* THE CITY OF BRIDGEPORT.

Third Judicial District, New Haven,.June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

The duty of municipalities with respect to the repair of highways and their liability for failure or neglect to perform it, are purely statutory and, under the terms of § 1407 of the General Statutes, do not exist "where such duty belongs to some particular person."

Section 2 of Chapter 314 of the Public Acts of 1921 provides that any street railway company which shall open a portion of a highway for the purpose of constructing or repairing its tracks, shall use reasonable care to protect the public from harm, shall restore the highway to its previously existing condition, and shall be liable in damages to all persons injured while lawfully traveling thereon. *Held* that this statute relieves municipalities of all duty, even that of supervision, connected with the repair of such portion of a highway so opened; and that the street-railway company responsible for its condition is solely and exclusively liable for personal injuries resulting therefrom.

Argued June 5th—decided July 30th, 1925.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County and tried to the jury before *Banks, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Samuel Reich,* with whom, on the brief, was *Murray Reich,* for the appellant (plaintiff).

*Henry Greenstein,* with whom was *Harry Schwartz,* for the appellee (defendant).

CURTIS, J. Upon the trial of this case to the jury, the plaintiff offered evidence tending to prove that on May 31st, 1922, he was riding a bicycle in an easterly direction on the southerly side of Golden Hill Street

in Bridgeport, and while so riding ran into a hole in the highway and was severely injured thereby, which hole was eight to nine inches deep, ten to twenty inches in width and about ten feet long; that the hole was unprotected, and had existed for several weeks, and the defendant had actual or constructive notice of its presence there, and the street was thereby made dangerous for travel.

The defendant offered evidence to prove the following facts, among others: That the declivity into which the plaintiff is alleged to have driven was a rectangular excavation with sharp straight sides meeting at right angles, and extending for some distance on either side of the street-railway tracks at said point and was made by the street-railway company for the purpose of repairing its tracks or switch at that point; that the duty of restoring that portion of the highway to a condition equal to that existing at the time that the work of digging such opening was begun, rested exclusively upon the street-railway company and not upon the city; that until that portion of the highway was so restored, the street-railway company and not the city was liable in damages to any person injured, while lawfully using the highway and exercising proper care; that no obligation or duty rested upon the city to repair that portion of the highway.

While some of these so-called facts are statements of legal duty and surplusage, they serve to indicate the legal question involved in the case. The court, after informing the jury that, prior to 1921, the statutes imposed upon street-railway companies the duty of repairing that portion of the highway that lay between its tracks and within a distance of two feet on each side of the tracks (as to this see *Root* v. *Connecticut Co.,* 94 Conn. 227, 238, 108 Atl. 506) then charged the jury, in substance, that at the time of this

Coletti v. Bridgeport.

accident the only duty resting upon the street-railway company as to the highway where its tracks are located was that imposed by Chapter 314 of the Public Acts of 1921, § 2, which reads as follows: "Any street-railway·company which shall open a portion of such highway [where its tracks are located] for the purpose of constructing, reconstructing or repairing its tracks or appurtenances thereto, shall exercise reasonable care to protect the traveling public from injury therefrom and shall restore such highway to a condition at least equal to that existing at the time of beginning the work of such opening. Until such highway shall be so restored, such company shall be liable in damages to all persons injured in person or property while lawfully using such highway and exercising proper care therein."

The charge of the court was in effect that if the jury found that the hole in question was made by the street-railway company for the purpose of repairing its tracks at that point, the plaintiff could not recover against the city. The sole question presented in this appeal is whether or not this interpretation of the effect of the Act of 1921 was correct. Was it a correct interpretation of the legal situation, under Chapter 314 of the Public Acts of 1921, to hold that a defective highway caused by the repair of the tracks of a street-railway company imposed no liabiltiy upon the city and imposed liability on the street-railway only?

In the case of Lavigne v. New Haven, 75 Conn. 693, 55 Atl. 569, the obligation upon a municipality for highway defects was traced from the earliest times, and we reiterated the principle that there was no common-law liability on municipalities for defective highways, and on page 696 stated that "no duty and no liability exists not imposed by statute." And we called attention to the fact that in the Acts of 1672

and of 1750 the general duty upon towns to repair all highways was qualified by adding "unless where it belongs to any particular person or persons in any particular case."

This statutory exception has been continued to the present and appears in General Statutes, § 1407, as follows: "Towns shall, within their respective limits, build and repair all necessary highways and bridges, . . . except where such duty belongs to some particular person." We said also in the *Lavigne* case, p. 696: "The duty of the town ends where the duty of maintenance in sufficient repair belongs to any particular person or persons in any particular case, and the liability to penalty [that is, damages for injury] extends only to 'the town, or person which ought to secure, and keep in sufficient repair such ways.'" We said also, on page 697, that the duty of repair is in particular statutes imposed on the particular persons therein named, in respect to particular highways and portions of highways. In the *Lavigne* case our law was extensively investigated and analyzed as to liability for defective highways, and it was held that there was no duty to repair or liability for defects on the part of a town as to any portion of a highway where the statutes imposed such liability on another person or corporation. A study of the record on appeal in that case (Third District, April Term, 1903) discloses that the trial court in holding the city liable was not entirely influenced by General Statutes, § 3833, but was influenced also by the idea suggested in this case by the plaintiff, to wit, that there was an underlying duty of supervision resting on the city, and we undoubtedly had that idea before us in deciding that case. See memorandum of *Roraback, J.,* the trial judge, in that record. General Statutes, § 3833, was

repealed by Chapter 314 of the Public Acts of 1921, quoted above.

There has been no statutory change in the law as to the duty of towns in case of defective highways, since the accident in the *Lavigne* case, except the ones noted above. Chapter 314 of the Public Acts of 1921, does not affect the principles of law laid down in the *Lavigne* case.

It is apparent from the language of the *Lavigne* case that it is immaterial that the above statute of 1921 imposes the duty of maintenance as to a small portion of a highway upon a street-railway company during a period likely to be short. While that duty exists the corresponding liability rests upon the person who has the duty, and during such period the duty and liability cannot rest also upon the municipality in the absence of some statute imposing it.

The plaintiff in this case, in order to recover, has the burden of showing that, under our statutory law, at the time of the accident, there was a duty on the city to repair the place in the highway where it occurred. In this he failed because under the statutory law relating to the maintenance of highways as interpreted by us, Chapter 314 of the Public Acts of 1921, imposed that duty upon the street railway, under the facts which the court charged must be found to relieve the city from liability.

The plaintiff claims that under the general statutory duty of maintaining the highways of the city in reasonably safe condition, it should be held by us that a duty was imposed upon the city to maintain a supervision of a street-railway company in a situation like that in the instant case, which, if not exercised, should impose a liability on the city. In the first place, no such supervisory duty is imposed by statute on the city; furthermore, under our rulings, the moment the

duty to repair a portion of the highway arose in the street-railway company, the duty of the city ceased as to that portion of the highway and would not revive until the duty of the street railway ceased.

There is no error.

In this opinion the other judges concurred.