ELDEGE D. BELHUMUER *vs.* CITY OF BRISTOL ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued May 15th—decided June 10th, 1936.

*Adrian W. Maher* and *Martin E. Gormley,* for the
appellant (defendant Lane Construction Corporation).

*S. Russell Mink,* with whom, on the brief, was
*Frederick W. Beach,* for the appellee (plaintiff).

AVERY, J.  The essential facts of this case as they
appear in the finding are as follows:  In November,
1934, the state highway department undertook a con-
struction project on Terryville Avenue, a public state
highway, in Bristol, Connecticut.  On November 26th
of that year, the highway commissioner caused to be
posted at each end of the job a sign eight feet by eight
feet containing the following warning: "Caution—
Construction Work—This sign legally closes this road
to traffic—under Chapter 80, Section 1513, General
Statutes of 1930—Pass at your own risk. State High-
way Commissioner."  The contract was awarded to
the defendant The Lane Construction Corporation,
which had complete control over the work and, during
its progress, of the highway.  Although the project
was initiated in November, actual construction was
commenced in April, 1935, and excavation was started
about three weeks before the date of the accident and
completed about seven or eight days before that date.
Terryville Avenue runs north and south and imme-
diately south from the construction work is a steep
grade descending in a northerly direction, the bottom
of which was approximately coincident with the work
under construction.  In excavating, the contractor
caused a manhole in the road to be elevated above the

surface about eight or nine inches on all sides, except the southerly side which appeared to be even with the surface to one approaching from that direction. No guard or rail was placed about it and no warning of its presence or its elevation was given to users of the highway. During the construction, the highway was open to traffic.

On May 14th, 1935, at about 8 o'clock in the morning, the plaintiff was operating his automobile in a careful manner in a northerly direction on Terryville Avenue. As he approached the bottom of the hill, he observed that the road ahead was under construction and saw the manhole from thirteen to fifteen feet away and believed that it was level with the surface ahead. When he realized that it protruded above the surface, he applied his brakes and attempted to avoid colliding with it, but was unable to do so. As a result, the under part of his automobile struck it and was damaged. The warning sign had been moved several feet to the east from its original position and was not readily visible to one approaching from the south, and the plaintiff did not see it.

The court concluded that the defendant was negligent and the plaintiff in the exercise of due care and entered judgment for the latter. The sole claim of the defendant on this appeal is that under General Statutes, § 1513, the notice, having been posted by the state highway commissioner that construction work was going on and that all persons traveling thereon did so at their own risk, relieved not only the State but the contractor from responsibility to the plaintiff for injuries due from the defective condition of the highway.

It is settled law in Connecticut that the State or a municipality charged with the maintenance of highways is not liable for injuries caused by defects therein

except as provided by statute. *Coletti* v. *Bridgeport*, 103 Conn. 117, 119, 130 Atl. 175; *Lavigne* v. *New Haven*, 75 Conn. 693, 696, 55 Atl. 569. General Statutes, § 1481, provides for a special action to recover damages for injuries sustained on state highways. General Statutes, § 1513, provides: "CLOSING HIGHWAYS AND BRIDGES. The highway commissioner may close or restrict traffic over any section of any trunk line or state aid highway or bridge for the purpose of construction, reconstruction or repair by posting notices at each end of such section of highway or at each end of such bridge, and any person using such highway when such notices are so posted shall do so at their own risk. Any person who shall, without a permit from the highway commissioner, close any trunk line highway or bridge, or any state aid highway or bridge, shall be fined not more than one hundred dollars." General Statutes, § 1515, prohibits the placing of warning signs upon a trunk line or state aid highway without the approval of the highway commissioner. The language of § 1513 is plain and not susceptible of exception. *Strong* v. *Strong*, 106 Conn. 76, 81, 137 Atl. 17; *Stamford* v. *Stamford*, 107 Conn. 596, 605, 141 Atl. 891. The purpose of the statute is obvious. The State might, where construction, reconstruction or repairs are necessary upon a highway, entirely close it to traffic. For the convenience of the public, the statutes make provision by which the highway commissioner may still permit persons desiring to do so to use the highway, without liability being incurred for injuries due to defects in it.

The effect of the statute is to be measured by the purpose sought to be accomplished. That the State itself is relieved, where the highway commissioner has acted under the statute, from liability from defects in the highway is clear; the risk of such defects is

assumed by the person using it. But the purpose of the statute would not be effectuated if only the State were thus free from liability. If a contractor under the statute is denied a like immunity, one of two situations would arise: either the State would be compelled to pay a higher price for the work because of the additional danger of liability which would rest upon the contractor due to the fact that the highway is being used and the additional precautions he would find it necessary to take, or the highway commissioner would in fact close highways under construction, reconstruction or repair thus denying to the public the convenience the statute is intended to serve. The risk which a traveler using a highway closed by the commissioner under the statute assumes is the risk of injury due to a defect in the highway, for which he would ordinarily be entitled to recover damages, and the immunity which the statute establishes enures to the benefit of one who contracts to construct, reconstruct or repair the highway as much as it does to the highway commissioner as the representative of the State.

The fact that the sign in this case had been moved from its original position is without significance. It does not appear that it was moved by the contractor or without the authority of the commissioner. Nor did the trial court find or base its decision upon the fact that after its removal the sign was so located as not to comply with the statute.

There is error; the judgment is reversed and the cause remanded to the Court of Common Pleas for Hartford County with direction to enter judgment for the defendant.

In this opinion the other judges concurred.