RITA WALSH, p.p.a.

*vs.*

SUSAN D. BLISS, ET AL.

Superior Court        New Haven County        File No. 56129

MEMORANDUM FILED JULY 26, 1939.

*FitzGerald, Foote & FitzGerald*, of New Haven, for the Plaintiff.

*Daggett & Hooker,* of New Haven, for the Defendants.

DALY, J.  The defendant, the City of New Haven, demurs to the complaint in this action to recover damages for personal injuries alleged to have resulted from plaintiff's fall upon a side-walk defective because of the presence of ice and snow thereon.

As the first ground of demurrer it is alleged that in order to hold the City of New Haven responsible for the alleged injury its negligence must be the sole proximate cause. "In order to justify a recovery from a municipality in such an action it must appear not only that the defect was a proximate cause but also the sole proximate cause of the injury." *Matchulot vs. Ansonia,* 116 Conn. 55, 58.

In paragraph 7 of the complaint it is alleged that the defend-ant Susan D. Bliss failed and neglected to remedy the "same" by removing said snow and ice in an effort to make said side-walk reasonably safe for travel.

. In paragraph 8 of the complaint it is alleged that the defend-ant, the City of New Haven, failed and neglected to remove said "ice and snow" in an effort to make said sidewalk reason-ably safe for public travel or to cause the same to be done.

In paragraph 9 of the complaint it is alleged that as a result of the "said" dangerous, defective and unsafe condition of said sidewalk causing the plaintiff to slip, fall and be thrown to the ground, the plaintiff was caused to suffer injuries and wounds...."

It is clear that the plaintiff claims that the cause of her in-juries was the defective condition of the sidewalk. Substan-tially the same allegation is made against each defendant in the statement in each of the paragraphs referred to above, that each failed and neglected to remove the ice and snow. It is clear that the plaintiff's purpose is to hold either defendant, not both of them. It is also clear that whichever of the two defendants is liable for the failure to remove the ice and snow the sole proximate cause of plaintiff's injuries was the defective sidewalk.

The demurrer is overruled upon this first ground.

As the second ground the Special Act No. 576 of the Special Acts of 1937 is relied upon.

This act provides that no action claiming damage to person or property shall be maintained against the City of New Haven for defective sidewalks caused by snow and ice and that the duty of keeping sidewalks free from snow and ice shall be upon the adjoining property owner and that for any injuries sustained as a result of a breach of this duty the owner shall be liable in damages to the person or persons so injured.

"In the absence of legislation, persons using a public highway do so at their own risk....No legal right of the person injured has been invaded; no legal duty to him has been violated. This is equally true when the execution of the function is committed to the inhabitants of a municipality; the governmental duty thus imposed is a burden which the inhabitants are compelled to carry, and the failure to obey the law, or neglect in its execution, may be punished in any manner the State may prescribe....Different modes of punishing neglect of this duty, and of compelling obedience, have been provided by law; but that most effective and generally used is the fine or forfeiture measured by the actual damage suffered by an injured person. In this way the State voluntarily compensates the person injured through his reliance upon its reasonable execution of this governmental function, and punishes the municipality upon which it has imposed such execution, for neglect of duty in this respect, by compelling it to pay the compensation thus authorized, as a penalty for its neglect. By force of this legislation only, and within the limits of its terms, can any action or proceeding against a town in respect to a defect in a public highway be maintained. No duty and no liability exists that is not imposed by statute. *Chidsey vs. Canton,* 17 Conn. 475, 478; *Stonington vs. States,* 31 id. 213, 214; *Burr vs. Plymouth,* 48 id. 460, 472; *Beardsley vs. Hartford,* 50 id. 529, 537; *Lounsbury vs. Bridgeport,* 66 id. 360, 364; *Daly vs. New Haven,* 69 id. 644, 648; *Bartram vs. Sharon,* 71 id. 686, 693; *Upton vs. Windham,* 75 id. 288, 292....The penalties for neglect are directed to the person who neglects the duty imposed." *Lavigne vs. New Haven,* 75 Conn. 693, 695.

In *Willoughby vs. New Haven,* 123 Conn. 446, 453, the court said: "Where the intent is to transfer liability from the municipality to another there is no difficulty in expressing it in unmistakable terms, as was done, for example, in the statutes now §§1420 and 3755 of the General Statutes and in the Special Act of 1937, above referred to."

In the motion of the defendant Susan D. Bliss filed in this action it is alleged that the Special Act in question is unconstitutional.

In attacks made upon this Special Act it has been claimed that the Special Act violates section 1 of amendment 14 of the Constitution of the United States. It has also been claimed that the Constitution of the State of Connecticut is violated by it. In my opinion the Special Act in question is not unconstitutional and the defendant, the City of New Haven, is justified in relying upon the Special Act as a defense.

The demurrer is therefore sustained upon the ground stated in paragraph 2 thereof.

The third ground of the demurrer is that the relief asked for is in the form of a joint judgment and not one in the alternative. It appears that upon the complaint judgment could be rendered against the defendant whose liability is established.

The demurrer is overruled upon this ground.

---

Special Act No. 576 of the Special Acts of 1937, which places upon adjoining property owners in the City of New Haven the duty to keep sidewalks free from snow and ice, and makes them liable for injuries resulting from a breach of such duty, is not unconstitutional.

Memorandum of decision on motion of defendant that she be dropped as party.

DALY, J. The adjoining owner, Susan D. Bliss, has moved that she be dropped as a party defendant for the reasons set forth in the motion. Included in these is the allegation that the alleged cause of action against the defendant is based upon Special Act No. 576 of the Special Acts of 1937 which said Special Act is unconstitutional.

The duty of keeping the sidewalk free of ice and snow was placed upon this defendant Susan D. Bliss by the Special Act in question. In my opinion this Special Act is not unconstitutional either because it relieves the City of New Haven from liability or because it places the duty and liability upon the adjoining land owner. See Memorandum of Decision on Demurrer of the City of New Haven, *infra*, p. 297.

The motion is denied upon all of the grounds stated therein.