[No. 3685. Decided July 3, 1901.]

MAGGIE J. ZIEGLER *et vir, Respondents,* v. CITY OF SPOKANE, *Appellant.*

MUNICIPAL CORPORATIONS — DEFECTIVE WALKS — QUESTION FOR JURY.
In an action for personal injuries received from a fall upon a sidewalk, the question of the city's negligence was properly submitted to the jury, where there was evidence tending to show that the sidewalk was full of holes caused by the decay of the materials of which it was constructed and that plaintiff's fall was caused by her stepping into one of these holes, although the

evidence showed that on the day preceding the accident a fall of slushy snow occurred, which froze hard during the night, leaving the walk in a very slippery condition, and there was evidence from which it might be inferred that the icy condition of the walk was the cause of the accident.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*A. G. Avery* and *F. M. Dudley,* for appellant.

*Sullivan, Nuzum & Nuzum* and *Graves & Graves,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—This is an action for personal injuries received by respondent Maggie J. Ziegler from a fall upon the sidewalk of the appellant city. From a judgment in favor of the respondents the city appeals. The only error assigned is that the evidence was insufficient to justify the submission of the cause to the jury. The evidence tended to show that the sidewalk upon which the respondent fell was old and worn out, full of holes, caused by the decay of the materials of which it was constructed, and in a generally unsafe condition for ordinary travel; that on the day preceding the accident a fall of snow occurred, which, owing to the temperature, was wet and slushy; that during the night it froze hard, leaving the walk at the time of the accident in a very slippery condition. It is the contention of the appellant that the efficient and proximate cause of the injury to the respondent was the slippery condition of the walk, and that, under the circumstances shown, it is not liable therefor. While the testimony of the injured respondent herself is not clear as to the cause of the accident, and while it might be inferred from the testimony of other witnesses that the icy condition of the walk was a concurring cause, if not the proximate cause,

of the fall which caused the injury, yet there was competent testimony on the part of the plaintiff tending to show that the respondent stepped into a hole in the walk, and that this was the cause of her fall and her consequent injury. It was thus for the jury to determine whether the mere slipperiness or the defective condition of the walk was the proximate cause of the accident, and it was not error on the part of the trial court to submit the question of the appellant's liability to them.

The judgment is affirmed.

REAVIS, C. J., and DUNBAR, ANDERS and WHITE, JJ., concur.