CHARLES H. UPTON, ADMINISTRATOR, vs. THE TOWN OF WINDHAM.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Under § 2673 of the General Statutes (Rev. 1902, § 2020), a town is liable for injuries caused by its failure to make the highway reasonably safe for travel, in view of its proper use by the traveling public, and of those events which may naturally be expected to occur as incident to that use.

The fright and shying of a gentle horse, at the passing of an automobile driven with ordinary care and at a reasonable speed, is an event incident to the proper use of the highway.

Section 2672 of the General Statutes (Rev. 1902, § 2019) requires a railing or fence to be maintained on the sides of such parts of the road as are so raised above the adjoining ground as to be unsafe for travel. *Held* that the protection required by this statute was such as was necessary to make the road reasonably safe for travel, and that the dangers to be guarded against properly included those arising from the fright of a horse.

Upton, Admr., *v.* Windham.

Conclusions of the trial court, that the safety of travel demanded a fence
    at a certain point, and that the injury in question was caused by
    the want of such fence, are conclusions of fact, and cannot be re-
    versed by this court as erroneous, unless the facts contained in the
    record show that the inferences which the court drew from them
    were plainly unreasonable.

If a frightened horse plunges over an unprotected bank, which con-
    stitutes a defect in the highway, and an occupant of the wagon is
    thrown upon the dashboard and receives a blow upon his head and
    a concussion of the brain, and the horse runs forty feet, and then,
    veering again, overturns the wagon, and the traveler receives further
    hurt, all the injuries may properly be treated as incidents of one
    injury resulting from the defective highway.

The case. of *Bartram* v. *Sharon*, 71 Conn. 686, explained and distin-
    guished.

Argued October 10th—decided December 5th, 1902.

ACTION to recover damages for personal injuries resulting
in the death of the plaintiff's intestate, brought to the Su-
perior Court in Hartford County and heard in damages to
the court, *Gager, J.;* facts found and judgment for the plain-
tiff for $1,500, and appeal by the defendant. *No error.*

The case is sufficiently stated in the opinion.

*Charles E. Perkins* and *George W. Maloney*, for the appel-
lant (defendant).

*Arthur F. Eggleston* and *Thomas J. Kelley*, with whom was
*William A. King*, for the appellee (plaintiff).

HAMERSLEY, J.   The defendant, having suffered a default,
notified the plaintiff that upon the hearing in damages it would
offer evidence to disprove the material allegations of the com-
plaint, viz., that the highway in question was defective ; that
the town had neglected its duty to repair the defect ; that
the injury to the plaintiff's intestate was caused by the de-
fect ; and also to prove that the injury was due to the con-
tributory negligence of. the plaintiff's intestate.   The burden
was on the defendant to disprove the allegations, and to prove
the contributory negligence.   The trial court has found that
the defendant has failed to sustain this burden, and has prop-

erly assessed substantial damages.   There is no error unless the court, in reaching its conclusion as to the facts the defendant undertook to establish, has been influenced by an erroneous view of the law.   The appeal assigns errors of this kind.

It is claimed that the court, in finding that the injury complained of was caused by a defect in the highway, misconstrued the meaning of the statute authorizing an action against the town, in that the injury, received in the manner as found by the court, did not happen through or by means of the defect in the highway within the meaning of that statute.

It appears that the portion of the highway where Mrs. Upton (the plaintiff's intestate) was driving with her husband when the injury was received, was so raised above the adjoining ground as to be unsafe for travel, and that the town had failed to maintain any railing or fence on the side of this portion of the highway.   Such relation of the highway to the adjoining land, without a sufficient railing or fence on its side, is by statute a defect in the highway, and the person injured by means of such defect, that is, by want of such railing or fence, may recover just damages in an action upon the statute against the town.   General Statutes, § 2672 (Rev. 1902, § 2019).

The horse was a gentle horse and was being driven with due care.   While meeting and passing an automobile it became frightened, shied, veering sharply to the right, and being within a few feet of the right side of the road, plunged down a declivity of some three or four feet to the adjoining land, ran a distance of some forty feet and then, taking another turn, overturned the carriage, whereby Mrs. Upton was thrown to the ground.   When the horse plunged down the declivity Mrs. Upton was thrown against the dashboard of the carriage and was badly injured upon her head, receiving also, by being thrown against the dashboard and thereafter upon the ground, a serious concussion of the brain.   She suffered great pain, and died within two weeks after the accident from concussion of the brain caused by being thrown against the dashboard, as aforesaid, and out of the carriage upon the

ground. The automobile was being driven with ordinary care and at a reasonable speed.

The defendant claims that the court erred in finding the injury to Mrs. Upton to have been caused by want of the fence or railing required by statute, because the fright of the horse was a proximate, contributing cause, and relies upon *Bartram* v. *Sharon*, 71 Conn. 686, in support of this claim. The precise point decided in that case was this: " A traveler upon a highway cannot be injured through a defect in a highway, . . . when the culpable negligence of a fellow-traveler is a proximate cause of his injury." p. 697. The law thus stated does not apply to the present case, but the grounds on which the decision rests must govern the claim now made. These grounds are stated at length in the opinion, and it is sufficient to refer to them without repetition. The *ratio decidendi* may be stated thus: The State undertakes to provide highways for the common use, and to maintain them in a reasonably safe condition for that purpose; it sees fit to indemnify any one of the traveling public who, while using them in a proper way, may receive injuries caused by a failure to maintain the way in a reasonably safe condition; it imposes upon the town corporation the governmental duty of maintaining the highways within its limits, and provides means for the enforcement of that public duty; among these means it provides that whenever a traveler is injured through or by means of a defect in the highway, existing by reason of the town's failure to perform this public duty, the town shall pay, as a penalty for such failure, the just damages that may be awarded to the injured person, and authorizes such person to bring an action upon the statute against the town for the purpose of determining the amount of just damages and of enforcing the penalty. The penalty is not incurred unless a person is injured through or by means of a defect in the highway. This is a penal statute, and the language defining the condition upon which the penalty arises should not be extended beyond a natural meaning of the words used. An injury caused by the culpable negligence of a third person is an actionable tort for which the injured party has his remedy.

An injury caused by a defect in a highway is not an actionable tort. The party injured has no remedy against the town or against any one, for any wrong done to him. His indemnity provided by the State may be collected of the town, but only as a penalty and when the occasion upon which the penalty arises exists as defined by statute. That occasion is defined thus : " Any person injured in person or property by means of a defective road " (General Statutes, § 2673, Rev. 1902, § 2020), having the same meaning as the language used in the original Act (Law of 1672, p. 7), viz., if it so shall happen that any person shall lose a limb, etc., through or by means of the defect of any highway.

This definition of the occasion upon which the penalty may arise, requires that some one has suffered a personal hurt or loss of property under circumstances that entitle him to the indemnity provided by the State for those of the traveling public who thus come to grief in reliance on the reasonably safe condition of the highway,—for those who properly use it. It requires also that such hurt shall be the direct result of some defect in the highway.

The State undertakes to make the highway reasonably safe in view of its proper use, and of those events which may naturally be expected to arise as incident to that use, by the traveling public. It does not undertake to make it safe in view of culpable negligence by the traveling public, whether it be that of the person hurt or his fellow-traveler, nor to make it safe in view of every event that may possibly happen. The indemnity given by the State is provided upon consideration of the exposure of travelers and their property to dangers by the proper use of a highway, which is defective in view of events naturally connected with and incident to its use.

The meaning of the definition may, therefore, be stated affirmatively and in general terms, thus : the penalty may be incurred when a person properly using a highway suffers a personal hurt or loss of property not due to his culpable conduct nor to that of a fellow-traveler, but being the direct result of the defective condition of the highway in relation to

those events naturally incident to its use, and which naturally expose the traveler to danger when happening where the highway is not in a reasonably safe condition.

The facts found in the present case come within this meaning of the statute. Highways are made reasonably safe in view of the possibility of gentle horses becoming frightened through the proper use of the way. Mrs. Upton's hurt was received as the direct result of the defective highway, and the fright of her horse was not an independent cause of her hurt but was one of those events incident to the proper use of the way. The passing of an automobile driven with ordinary care and at a reasonable speed, and the fright and shying of a gentle horse, constitute one of those events in the proper use of a highway calling for its maintenance in a safe condition, and the hurt which may be done to a traveler by an unsafe condition, in connection with such event, is one of those dangers to which travelers are exposed by defects in the highway, and in consideration of which the State has provided an indemnity when the danger ripens into an actual damage. So far as the statute recognizes a relation between such events and an occasion calling for the penalty imposed upon the town, it is not the relation of cause and effect between the event and the hurt received, but solely a relation between the event and the defective road, as being one of the contemplated modes whereby hurt may be received by means of the defect.

Upon the grounds on which the decision in *Bartram* v. *Sharon*, 71 Conn. 686, rests, as well as upon a careful consideration of the purpose and meaning of our statute in view of the claims now made, we deem it clear that the trial court did not err in holding, upon the facts found, that Mrs. Upton was injured by means of the defective road.

The defendant complains of the court's finding, that this portion of the road was unsafe for travel without a railing or fence, and of its finding that Mrs. Upton's injury occurred by reason of the want of such railing or fence, and urges that these findings were influenced by error in not holding, as claimed by the defendant, that the fence required by statute

does not contemplate any protection against a frightened
horse falling or plunging down an unguarded embankment.

We think the Act contemplates some protection against any
incident connected with the proper use of the road, wherever
a fence is necessary to make the road reasonably safe for
travel, and may include some protection against the danger
of such an unguarded road in the case of a horse becoming
frightened.    The kind and degree of protection must depend
largely upon the circumstances of each case.    It does not ap-
pear that the findings of the court were controlled by an as-
sumption that the town was bound in law to maintain a more
complete and absolute protection against a horse getting off
the highway than the purpose and meaning of the law justi-
fied.    The conclusions of the court, that the safety of travel
demanded a sufficient fence, and that the injury to Mrs. Up-
ton was received by reason of the want of a legally sufficient
fence, may be consistent with a correct understanding of the
true meaning of the statute.    Subject to the application of
that correct understanding, these conclusions are inferences
of fact.    It is immaterial whether or not another court might
reasonable reach different conclusions upon the evidence pro-
duced before the trial court; such conclusions cannot be re-
versed by this court as erroneous, unless the facts contained
in the record show that the inferences which the court has
drawn from them are plainly unreasonable.    We cannot say
that the conclusions complained of—applying to the facts
found a correct interpretation of the statute—plainly violate
the sound rules of reason.

The defendant claimed before the trial court that if Mrs.
Upton received no injury except by being thrown out of the
wagon, some forty feet from the highway and after the al-
leged defect had been safely passed, the defect could not in
law have been the cause of her injury.    The court found that
in going down the unprotected declivity, which was the de-
fect, Mrs. Upton was badly injured upon her head and also
received a serious concussion of the brain by being thrown
violently forward upon the dashboard, and therefore did not
rule upon this claim of law.    In argument, however, counsel

for the defendant urges that the court has further found that Mrs. Upton received a concussion of the brain by being thrown upon the ground, as well as by being thrown against the dashboard, and that the court, in addition to damages for the injuries to the head, has assessed damages for the concussion of the brain, including, in the amount, damages for the concussion of the brain received by being thrown upon the ground; and claims that this is error.

The concussion of the brain and the injuries upon the head were properly considered as incidents of one injury resulting from the defective road.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.