ELIZABETH JENNES *vs.* THE CITY OF NORWICH.

Second Judicial District, Norwich, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

A finding will be corrected only by striking out those facts which are found without evidence and adding those which are admitted or undisputed.

If the icy condition of a sidewalk existed only one or two hours before a pedestrian slipped thereon and was injured, the municipality cannot be held to have had notice of it, nor a reasonable opportunity to remedy it.

Where a defect in a highway concurs with the culpable negligence of a third party to produce an injury to a traveler, he cannot invoke the statutory remedy against the municipality; but if the injury was the result of the defect combined with an accident or a natural cause, which was a natural incident to the use of the highway, the municipality is liable unless it appears that the accident or natural cause was so direct and separate in its operation that it, and not the defect, must be held to have been the essential or proximate cause of the injury.

In the present case the trial court found that the sidewalk where the plaintiff fell and was injured was broken, patched, uneven, ridged and of varying grades; that for five days before the injury it had not been reasonably safe for public travel because of these defects in combination with snow and ice which had formed thereon; and that, on the morning in question, about one or two hours before the plaintiff's fall, all the sidewalks in the city were coated with a freezing rain which, without changing the irregular outlines of this particular pavement, may have rendered it still more slippery and dangerous. *Held* (*one judge dissenting*) that these facts supported the trial court's conclusion that the proximate cause of the plaintiff's injuries was not the

coating of frozen rain immediately preceding her fall, but the pre-existing dangerous condition of the sidewalk, with notice of which the city was chargeable.

Argued April 26th—reargued October 18th—decided
December 12th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by a defective highway, brought to the Superior Court in New London County and tried to the court, *Jennings, J.;* judgment for the plaintiff for $4,000, and appeal by the defendant. *No error.*

*William H. Shields, Jr.,* and *Charles V. James,* for the appellant (defendant).

*John H. Barnes* and *Edwin W. Higgins,* for the appellee (plaintiff).

BANKS, J. The trial court found that between seven and eight o'clock on the morning of December 24th, 1924, the plaintiff slipped and fell upon the sidewalk of Summit Street in the city of Norwich, and received the injuries of which she complains; that the sidewalk at the spot where plaintiff fell was not reasonably safe for public travel, and had been in that condition since December 19th, 1924, due to structural defects in combination with snow and ice formed thereon; that defendant had constructive notice of this condition a sufficiently long time prior to the accident to have remedied the defect but had failed to do so, and that plaintiff was in the exercise of due care at the time that she fell. The court further found that on the day on which plaintiff fell it began to rain about six o'clock in the morning, the rain freezing as it fell and covering the streets and sidewalks of the city with a solid sheet of glare ice, making them very slippery.

The appellant filed numerous requests to correct the finding by striking out certain paragraphs thereof and substituting therefor paragraphs of the draft-finding. The reasons for the corrections requested are in nearly every case stated to be that the paragraphs of the finding sought to be eliminated "were not proved by the evidence on the trial," and that the paragraphs sought to be substituted "were proved by the evidence on the trial." It would seem that it ought not to be necessary to reiterate, what we have said so frequently, that only when a fact is found without evidence will it be stricken from a finding, and only when a fact is undisputed or admitted will it be added to a finding. Practice Book, p. 309. This court will not retry questions of fact which have been decided by the trial court. The material facts which the appellant seeks to have corrected were found upon conflicting evidence and will not be corrected. The finding as corrected by the trial court fairly presents the only question of law upon the record, which is whether the storm of the morning of the accident and its result was the proximate cause of the plaintiff's fall. The slippery and dangerous condition of the streets and sidewalks of Norwich resulting from that storm had not existed for a long enough period prior to plaintiff's fall to give the city notice of the condition and a reasonable opportunity to remedy it. *Wladyka* v. *Waterbury*, 98 Conn. 305, 119 Atl. 149; *Burgess* v. *Plainville*, 101 Conn. 68, 124 Atl. 829; *Frechette* v. *New Haven*, 104 Conn. 83, 132 Atl. 467. If, therefore, plaintiff's fall was proximately due to the results produced by that storm, the defendant cannot be held liable. The trial court found that the sidewalk, at the point where plaintiff fell, was broken, patched, uneven, ridged and of varying grades; that it was in an extremely slippery and dangerous con-

dition and not reasonably safe for public travel from the 19th to the 24th of December, and that this condition, of which the defendant had notice, was due to the structural defects in the walk in combination with the ice and snow formed thereon. Then came the storm of December 24th which covered the streets and sidewalks of the city with a solid sheet of glare ice. The plaintiff slipped upon the newly formed ice which covered the surface of the walk where it was broken and uneven and which had been in an unsafe condition for five days because of the old snow and ice which had accumulated upon it. The finding presents the case of a defect in the highway concurring with a natural cause to produce an injury. For the latter the city is not responsible and can be held liable only if the former was the direct and proximate cause of plaintiff's injuries. If an injury results from a defect combined with the culpable negligence of a third party it cannot be said to have been caused by the defect and cannot be made the subject of recovery under the statute. *Bartram* v. *Sharon,* 71 Conn. 686, 43 Atl. 143; *Gustafson* v. *Meriden,* 103 Conn. 598, 131 Atl. 437. If, however, an accident—in the sense of an occurrence for which no one is responsible—concurs with a defect to produce an injury, the defect may still be the efficient and proximate cause of the injury and the municipality be liable. *Baldwin* v. *Greenwoods Turnpike Co.,* 40 Conn. 238; *Upton* v. *Windham,* 75 Conn. 288, 53 Atl. 660. In the latter case plaintiff's horse became frightened at a passing automobile and plunged over an unprotected bank which constituted a defect in the highway. The court pointed out that the precise point decided in *Bartram* v. *Sharon, supra,* was that the municipality was not liable when the culpable negligence of a fellow-traveler was a proximate cause of the injury, since the State

does not undertake to make the highway safe in view of the culpable negligence of the traveling public, whether it be that of the person hurt or his fellow-traveler, and stated the rule as to liability under the statute in general terms to be that "the penalty may be incurred when a person properly using a highway suffers a personal hurt or loss of property not due to his culpable conduct nor to that of a fellow-traveler, but being the direct result of the defective condition of the highway in relation to those events naturally incident to its use, and which naturally expose the traveler to danger . . . where the highway is not in a reasonably safe condition." A fall of snow or rain, or, as in this case, rain freezing as it fell, is an event naturally incident to the use of the highway, which exposes the traveler to danger when it falls upon a spot where the highway is not in a reasonably safe condition. It is a natural cause and, like an accident, an occurrence for which no one is responsible, and may concur with a defect in the highway to produce an injury without relieving the municipality from liability.

Massachusetts has a statute similar to our own and it has been said that the decisions of its court have established the rule that a person cannot under its statute be said to be injured by reason of a defect in a highway if any other cause contributed to the injury. 2 Shearman & Redfield on Negligence (6th Ed.) §346. It has there been held, however, that when there is a defect in the highway to which as a proximate cause an injury is in part attributable there may be a liability notwithstanding the fact that it may also be attributable in part to ice or snow for injuries due to which the muncipality is not liable. *Newton* v. *Worcester,* 174 Mass. 181, 54 N. E. 521; *Naze* v. *Hudson,* 250 Mass. 368, 145 N. E. 468. *Frechette* v. *New Haven,* 104 Conn.

83, 132 Atl. 467, presented this precise question of the effect of a natural cause concurring with a defect to produce an injury. In that case the plaintiff slipped on ice which had been on the walk more than a week but which, on the day of the accident, had been covered by about half an inch of light fluffy snow. We held that the fact that the fall of snow concurred with the pre-existing defect to produce the injury did not prevent the defect from being found to be the proximate cause of the injury, and said: "In most instances of defect combined with natural cause to produce an injury, the natural cause cannot be held to be 'so direct and separate in its operation, that the defect in the highway cannot be said to have been the essential cause of the injury.' *Bartram* v. *Sharon, supra,* page 697. But in the exceptional case it may be. If the injury would not have occurred but for the natural cause, the defect cannot be held to have produced the injury, nor can it be held to have been the essential cause of the injury. Wherever the defect is the proximate cause of the injury, the natural cause cannot be held to be a concurring cause in any sense other than that it contributed to the injury as an incidental and remote cause."

The defendant claims that this is the exceptional case in that the effect of the storm of December 24th was to cover this walk with a smooth sheet of glare ice, and that it was this newly formed ice and not the prior defective condition of the walk which was the proximate cause of the plaintiff's fall. If the court had found that the ice storm of that morning had levelled the ridges and covered all the irregularities of the walk so that its surface was a smooth sheet of glare ice upon which the plaintiff fell it would necessarily follow that such condition and not the prior defect was the proximate cause of her fall. But

the court did not so find. The finding is that the walk at the spot where plaintiff fell was broken and patched, uneven, ridged and of varying grades; that it began to rain on the morning of December 24th about six o'clock or a little after, the rain freezing as it fell and covering all the sidewalks of the city with a solid sheet of glare ice, and that the plaintiff fell on this walk about eight o'clock that morning. While the terms of the finding might have been more precise, the natural and fair interpretation of it would seem to be that this storm covered this walk as well as all other objects with a coating of ice without however changing the outlines of the same. This corresponds with common observation of the effects of such a storm and with the conclusion of the court that the walk where plaintiff fell was "structurally defective and covered with a sheet of ice." The same slippery and dangerous condition of the walk that had existed for five days was present when the plaintiff fell with the added element that the old snow and ice which covered the broken and uneven surface of the walk was itself covered with an additional layer of newly formed ice which may have caused it to become still more slippery and dangerous. Upon this record we cannot say that the effect of this ice storm was of such a nature and so direct and separate in its operation that the trial court erred in its conclusion that the defect in the walk was the essential and proximate cause of plaintiff's injuries.

There is no error.

In this opinion the other judges concurred, except MALTBIE, J., who dissented.