## ANNA MESSINA *vs.* CITY OF NEW HAVEN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 14th—decided July 27th, 1934.

*Louis Feinmark,* with whom was *Alfred F. Celentano,* for the appellant (plaintiff).

*Martin E. Gormley,* with whom was *Adrian W. Maher,* and, on the brief, *Edward J. Maher,* for the appellee (defendant).

BANKS, J. The plaintiff received injuries as the result of a fall upon the sidewalk on the easterly side of Franklin Street in the city of New Haven which she claims was defective. She offered evidence and claimed to have proved that for a number of years the sidewalk at the point where she fell was cracked, broken and uneven, and contained three depressions each of which was about a foot in length and breadth and one and one-fourth inches in depth; that on the afternoon of December 17th, 1932, there was a snow storm which continued until about three a. m. on December 18th; that about eight a. m. on that morning she fell as the result of stepping into one of the holes in the sidewalk which was concealed by the fall of snow, which was about two inches in depth.

The court charged the jury that in order to recover damages for injuries caused by a defective street or sidewalk the failure of the city to keep it in a reasonably safe condition for public travel must have been the sole cause of the injury. It added: "If some other cause combines with the defect, such as the negligence of a third party or a natural cause such as a snow or ice storm, and the results of the snow or ice storm combining with the defect were of such recent occurrence before the injury that the city or town did not have reasonable time or opportunity to reasonably overcome or remove the condition of danger produced by such snow or ice storm, then the injured person cannot recover under our law since it could not, under such circumstances, be said that the failure of the city or town to maintain its streets or sidewalks in a reason-

ably safe condition for public travel caused the injury." This was not a correct statement of our law.

It is true, as stated in the charge, that when an injury results from a defect combined with the culpable negligence of a third party it cannot be said to have been caused by the defect, and cannot be made the subject of recovery under the statute giving a right of action against a municipality for injuries resulting from such defect. *Bartram* v. *Sharon,* 71 Conn. 686, 43 Atl. 143. Where, however, the injury is the result of a defect combined with an accident— in the sense of an occurrence for which no one is responsible—or a natural cause which was a natural incident of the use of the highway, the municipality is liable unless it appears that the accident or natural cause was so direct and separate in its operation that it, and not the defect, must be held to have been the essential or proximate cause of the injury. *Frechette* v. *New Haven,* 104 Conn. 83, 132 Atl. 467; *Jennes* v. *Norwich,* 107 Conn. 79, 140 Atl. 119. The facts in each of these cases were strikingly similar to those in the present case. In each case the plaintiff's injuries were caused by a defect in the sidewalk combined with a natural cause—in the one case a fall of snow and in the other an ice storm—which, however, had occurred so shortly before the accident that the city could not be held to have had notice sufficient to render it liable for injuries caused by that alone. We held that the fact that the fall of the snow, in the one case, and the ice storm in the other, concurred with the pre-existing defect did not prevent the defect from being found to be the proximate cause of the injury. We said in the *Frechette* case (p. 89): "In most instances of defect combined with natural cause to produce an injury, the natural cause cannot be held to be 'so direct and separate in its operation, that the

defect in the highway cannot be said to have been the essential cause of the injury.' *Bartram* v. *Sharon, supra,* page 697. But in the exceptional case it may be." The defendant here, as did the defendant in the *Jennes* case, contends that this was the exceptional case, and that the snow, which it claimed was six inches in depth, was necessarily the proximate cause of the plaintiff's fall. If, as we said of the ice storm in the *Jennes* case, it were found that the snow fall had covered all the irregularities of the walk to such an extent that the plaintiff's foot could not have come in contact with the structural defect, it would necessarily follow that such condition, and not the prior defect, was the proximate cause of her fall. There was, however, evidence before the jury that the plaintiff's foot sank into the hole covered by snow only two inches deep.

The court should have submitted to the jury the question whether the defect in the sidewalk was a substantial factor in causing the injury, or whether the snow storm was so direct and separate in its operation as to have been the sole proximate cause of the injury. In its charge that there could be no recovery if the natural cause combined with the defect to cause the injury, it apparently did not have in mind the distinction pointed out in the *Jennes* case, between the case of an injury resulting from a defect concurring with the culpable negligence of a third party and that where the defect concurs with an accident or natural cause for which no one is responsible.

There is error and a new trial is ordered.

In this opinion the other judges concurred.