ANTHONY PORPORA, ADMINISTRATOR (ESTATE OF PASQUALE PORPORA) *vs.* CITY OF NEW HAVEN.

MALTBIE, C. J., HAINES, BANKS, AVERY and INGLIS, JS.

Argued January 3d—decided February 6th, 1935.

*William F. Geenty,* with whom was *Thomas R. Fitz-simmons,* for the appellant (plaintiff).

*Vincent P. Dooley,* with whom, on the brief, was *David J. McCoy,* for the appellee (defendant).

MALTBIE, C. J. The plaintiff's decedent was killed when a small truck he was driving struck the railing on the north side of the Tomlinson bridge on Water Street in New Haven and, demolishing the railing, fell into the water below. The truck, proceeding in an easterly direction, came into contact with a gate on the southerly side of the highway, which was used to stop traffic when the draw in the bridge was raised, but at the time was swung back so as to leave the

roadway open. The contact with the gate deflected the course of the truck to its left, it then straightened out and ran along some trolley tracks in the street for several feet, then again veered to the left, ran off the portion of the highway designed for vehicles, crossed the sidewalk and so struck the railing. The plaintiff claimed that the gate was not swung back out of the way of vehicular traffic but that the end protruded some nine inches into the used portion of the way; and he claimed a twofold cause of action, first, under the provisions of § 1420 of the General Statutes, on the ground that the highway was defective due to the manner in which the gate protruded, and second, under the provisions of § 1419 of the General Statutes, on the ground that the railing of the bridge was insufficient. From a verdict and judgment for the defendant the plaintiff has appealed, claiming errors in the failure of the trial court to give certain requests to charge and in the charge as given.

One ground of claimed error is that the trial court, in disregard of the provisions of § 1149b of the General Statutes, Cum. Sup. 1933, which is quoted in the footnote, charged the jury that the burden was upon the plaintiff to prove the decedent's freedom from contributory negligence. This statute was undoubtedly enacted as a result of our decision in *Kotler* v. *Lalley*,

"Sec. 1149b. PLEADING OF CONTRIBUTORY NEGLIGENCE. In any action to recover damages for negligently causing the death of a person, or for negligently causing injury to a person, if the person who sustained the injury shall die prior to the trial of such action, it shall be presumed that such person was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence be relied upon as a defense, it shall be affirmatively pleaded by the defendant, and the burden of proving such contributory negligence shall rest upon the defendant. The provisions of this section shall not apply when the person or persons charged with the negligence shall die as a result of said act or acts."

112 Conn. 86, 151 Atl. 433, in which both the majority and minority opinions agree that where a person is killed by the claimed negligent action of another and there are no witnesses of the accident except the defendant, the rule placing the burden to prove lack of contributory negligence upon the plaintiff is unjust. It was pointed out in the minority opinion in that case that in such a situation the rule might give a great advantage to a defendant charged with negligence because the lips of the plaintiff's decedent were stilled by death; and that the underlying purpose of the statute was to prevent such a situation is patent from its concluding provision, that it should not apply where the person charged with negligence died as a result of the acts complained of. The statute applies only to actions to recover damages "for negligently causing" the death of a person or for "negligently causing injury to a person."

Sections 1419 and 1420 of the General Statutes impose upon towns a liability for damages where they fail, under certain circumstances, to erect "a sufficient railing or fence" upon the side of a bridge or where a person is injured "by means of a defective road or bridge." The liability so imposed is one not known to the common law; it is a liability based upon the breach of a statutory duty. In determining whether the town is liable under the statutes, by process of judicial construction, the test of the sufficiency of a fence or railing or of a defective condition in a highway has come to be measured largely by the same test of reasonable care by which the conduct in negligence actions is judged. However, the cause of action under the statute is not really one to recover damages for an injury caused by negligence but for one caused by the breach of a statutory duty. *Bartram* v. *Sharon,* 71 Conn. 686, 43 Atl. 143; *Gustafson* v. *Meriden,* 103

Conn. 598, 603, 131 Atl. 438; *Frechette* v. *New Haven,* 104 Conn. 83, 87, 132 Atl. 467; *Horton* v. *Macdonald,* 105 Conn. 356, 361, 135 Atl. 442; *Riccio* v. *Plainville,* 106 Conn. 61, 63, 136 Atl. 872; *Dunn* v. *MacDonald,* 110 Conn. 68, 78, 147 Atl. 26. The reason why contributory negligence of the plaintiff will defeat recovery is that where it occurs the defective condition of the highway cannot be said to be the cause of the injury; indeed, the distinction between an action to recover for a highway defect and one for recovery of damages for injury negligently caused is perhaps most clearly seen in the fact that the concurring negligence of a third party will defeat the former but not the latter. *Bartram* v. *Sharon,* supra, p. 695. Usually no representative of the defendant municipality is present at the time of the accident; and the death of the plaintiff's decedent would ordinarily create no unfair situation with reference to the possibility of producing evidence as to his conduct, which might be claimed to constitute contributory negligence. Such causes of action as are here asserted fall neither within the terms nor the intent of the statute and the trial court was correct in refusing to charge the jury that it applied.

The trial court, in defining what would constitute a sufficient railing under the statute, stated to the jury that to comply with the requirements of the law a railing must be of sufficient strength and of such construction as would prevent travelers using the highway with due care, "under ordinary circumstances," from going off the bridge; and it emphasized, by repetition, the phrase quoted. Again, later in the charge, it instructed the jury that it was for them to say whether under all the circumstances the railing was sufficient for the purpose for which it was constructed, "that is, to make the highway reasonably safe for public travel under ordinary circumstances." Between

these two passages, referring to an allegation in the complaint that the road was slippery from rain, it stated: "If, however, you should find from the evidence—for instance, and I am giving this merely as one illustration—that he [the driver] came along there perhaps a little fast and that he, due to the wet pavement, skidded on the wet pavement and that that skid and slip, combined with the wet pavement and his speed, was a substantial factor in causing subsequent injuries, he cannot recover; for in order to recover in this case the defect, whether it be the gate, its position or the rail or both, must be proved to be the sole cause of the injury; otherwise the plaintiff cannot recover."

There would be little purpose in the requirement that there be railings or fences upon a bridge as far as concerns ordinary traffic passing in its usual course. In the main, the purpose of the requirement is to provide against those mischances naturally incident to traffic which may arise due to unforeseen circumstances. Thus in *Upton* v. *Windham*, 75 Conn. 288, 53 Atl. 660, we sustained a judgment in favor of a plaintiff whose decedent was killed when a horse drawing a carriage in which she was riding became frightened at an automobile, and plunged down a bank at the side of the road; and we said of a recovery under the statute (p. 292): "The penalty may be incurred when a person properly using a highway suffers a personal hurt or loss of property not due to his culpable conduct nor to that of a fellow-traveler, but being the direct result of the defective condition of the highway in relation to those events naturally incident to its use, and which naturally expose the traveler to danger . . . where the highway is not in a reasonably safe condition. . . . The passing of an automobile driven with ordinary care and at a reasonable speed, and the fright and shying of a gentle horse, constitute one of those

events in the proper use of a highway calling for its maintenance in a safe condition, and the hurt which may be done to a traveler by an unsafe condition, in connection with such event, is one of those dangers to which travelers are exposed by defects in the highway, and in consideration of which the State has provided an indemnity when the danger ripens into an actual damage." *Ward* v. *North Haven,* 43 Conn. 148, was a similar case. In *Dunn* v. *MacDonald,* 110 Conn. 68, 147 Atl. 26, we sustained a judgment for the plaintiff based upon the death of his decedent due to the fact that an automobile which he was driving plunged down a bank at the side of the road after it had skidded upon an icy place in the highway. See also *Frechette* v. *New Haven,* 104 Conn. 83, 132 Atl. 467; *Jennes* v. *Norwich,* 107 Conn. 79, 82, 140 Atl. 119; *Messina* v. *New Haven,* 119 Conn. 166, 174 Atl. 178.

The jury could hardly have understood the charge of the trial court in this case otherwise than as amounting to an instruction that, if the truck being driven by the plaintiff's decedent ran off the portion of the highway used by vehicles, across the sidewalk and into the railing, as a result of skidding upon the wet pavement and trolley rails, the plaintiff could not recover even though the driver was not negligent. That would not accord with our law. It would be for the jury to say whether, under all the circumstances of the case, the skidding of the truck so as to bring it into contact with the railing was a natural incident to the use of the highway the possibility of which the municipal authorities ought reasonably to have anticipated and guarded against.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.