MARY DEMARA, PPA.
vs.
CITY OF DERBY, ET AL.

Superior Court    New Haven County    File #40970

Present: Hon. EDWIN C. DICKENSON, Judge.

Harrison & Harrison,           Attorneys for the Plaintiff.

Pullman & Comley,   Attorneys for Highway Commissioner.

J. H. Gardner, Jr., Attorney for N. Y., N. H. & H. R. R. Co.

## MEMORANDUM FILED OCTOBER 4, 1935.

DICKENSON, J. The Plaintiffs were passengers in an automobile operated by an acquaintance. This acquaintance had stopped to give them a ride and had gone a distance of but a few yards after taking them in when his car skidded on a slushy road. He attempted to straighten it out but lost control. The car left the road, crossed a trolley track, the rails of which stood above the roadbed, passed over a fairly level strip of land some forty feet wide to the tracks of the defendant railroad company, which tracks were also raised above their bed, across these and plunged down an embankment into the Naugatuck River.

As to the weather conditions, there had been a heavy snow fall the night before the accident, estimated to be from eight to ten inches on the level. At the time of the accident the sun was out and snow was melting. The defendant Commissioner had plowed out the road between two and three A. M. on the day of the accident, and again between ten and eleven A. M. The accident occurred about two P. M. It may be said at once that the claim that the defendant Commissioner was derelict in his duty to use reasonable care to keep the road in safe condition is untenable. He had used reasonable care in cleaning it, and it does not appear either that he was reasonably required to use sand at this place or that if he had the accident would not have occurred.

As to the claim that the location was of such a character as to require that it be fenced, this duty, if it was such, is only important if the failure to perform it was a material factor in causing the plaintiff's injuries, uncoupled with negligence on the part of another. (**Messina vs. New Haven, 119 Conn., 166.**) In the instant case it seems apparent that

whether or not the application of brakes was inadvisable while the car was skidding, or would have prevented the accident, that at a speed of less than ten miles the car might easily have been stopped while plowing through the snow before it reached and went down the embankment. The only light thrown on the driver's failure to do so is furnished by a bit of hearsay testimony, coming in without objection, however, **(Doris, Admrx. vs. McFarland, 113 Conn., 610)** to the effect that the driver of the car, not a party to the action, said that he must have put his foot on the accelerator instead of the brake. It seems apparent the driver must have kept his power on after leaving the road for his momentum would not have carried him through the snow and over both raised tracks to the river. It further appears that after the emergency caused by the skidding, the driver, even in view of it, reasonably should have stopped his car before his passengers received the injuries for which they sued. **(FitzGerald vs. Savin et al, 119 Conn., 63.)**

While this makes the question of whether the Commissioner was required to fence the location largely academic, it may be said that it was hardly to be anticipated that a car reasonably operated, even in case of emergency in view of the obstacles in its way, would be endangered by the presence of the river so that the Commissioner should guard against it by erecting a fence.

It is said in **Bartram et ux vs. Sharon, 71 Conn., 686 at 697:**

"The liability to the unlimited penalty of indemnification ought not to be extended beyond the obvious justice which may support it."

It is found that the negligence of the plaintiff's driver was a substantial factor in causing her injuries, and further that the location was not such as required fencing under the statute.

This finding makes a discussion of various other questions as they concern the defendant Commissioner unnecessary at this time.

The case has been withdrawn as to the City of Derby. As to the defendant, the railroad company, it is sufficient to say, as has that defendant in its brief, that irrespective of the negligence of the driver, the plaintiff has failed to establish

the presence of the elements necessary to make out a case against it.

Judgment is directed for the defendants.