JOSEPHINE HALE
*vs.*
FAR EAST COMPANY, d.b.a. FAR EAST RESTAURANT
ET AL.

Superior Court        New Haven County        File No. 57919

MEMORANDUM FILED JANUARY 2, 1941.

*Harrison & Harrison,* of New Haven, for the Plaintiff.

*Vincent P. Dooley,* Corporation Counsel; *Pond, Morgan & Morse; George E. Hall; Martin E. Gormley, and Francis J. Moran,* all of New Haven, for the Defendants.

MUNGER, J. The complaint alleges an injury sustained from a fall on a sidewalk in the City of New Haven, on Church Street. It is said that the defendants, other than the City of New Haven, were the owners of a building facing the sidewalk and abutting on it and permitted snow and water to drip from the roofs and balconies and freeze, making it unsafe for travel. It is further said that the sidewalk was defective. It is alleged in paragraph 5 of the complaint that "the said sidewalk was further defective and dangerous by reason of the fact that it was worn smooth and contained a steep and dangerous grade." A motion for a more specific statement might have elicited more information as to the manner in which the grade of the sidewalk was so constructed as to make it dangerous, but it must be held to be a sufficient allegation of a defect in the sidewalk. It is obvious that the sidewalk might have been so constructed at the entrance to the building that it would have constituted a partial upgrade which might have been dangerous. We have, therefore, a case which charges the defendant with liability for injuries due to a defect in the sidewalk combined with the act of the other defendants in causing a dangerous condition by reason of the freezing water and snow which occasioned the injury to the plaintiff. Under these circumstances it is clear that the city is not liable. In *Bartram vs. Sharon,* 71 Conn. 686, at page 691, it is distinctly held that an injury resulting from the negligence of a third person in connection

with a defect in the highway, does not happen by reason of the defect, within the meaning of the statute. This case has been uniformly followed.

As the court stated in *Messina vs. New Haven,* 119 Conn. 166, at page 168, "It is true, as stated in the charge, that when an injury results from a defect combined with the culpable negligence of a third party it cannot be said to have been caused by the defect, and cannot be made the subject of recovery under the statute giving a right of action against a municipality for injuries resulting from such defect." *See, also, Frechette vs. New Haven,* 104 Conn. 83.

It is unnecessary to discuss the ground of demurrer based upon the Special Act of 1937. The demurrer must be sustained.