ADA AGRIESTO *v.* TOWN OF FAIRFIELD.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 9, 1943—decided December 1, 1943.

*J. Kenneth Bradley,* with whom was *John S. Barton,* for the appellant (defendant).

*David R. Lessler,* for the appellee (plaintiff).

BROWN, J.   The plaintiff received injuries as the result of a fall upon the roadway of Greenfield Street in the town of Fairfield which she claims was defective. The gist of the finding is that she offered evidence and claimed to have proved these facts: At about 7:30 in the evening of February 5, 1941, as she was carefully walking easterly along this roadway about one foot south of its northerly edge, there being no sidewalk, one or both of her feet went into a hole or depression of considerable extent which she could not see in the

darkness and came in contact with smooth glassy black ice covering its inside surface. As a result she slipped and fell, suffering serious injuries. This hole or depression where the ice had formed was about two inches deep, two feet wide and four feet long, constituted a defect and had existed for several months, so that the defendant was chargeable with notice of it. Water gathered in it from time to time and had changed to ice, which had been there for two weeks before the date of the plaintiff's injury. The defendant violated its statutory duty to care for the highway in that it permitted the hole or depression so to continue, with the result that water accumulated in it and changed to ice. The defective condition, then, was due to natural causes combining with a defect in the highway itself, resulting in the plaintiff's fall and injuries. The defendant's material claims of proof were that there was no hole or defect in the surface of the road; that it was not so constructed as unreasonably to cause an accumulation of water or ice thereon; that the only defect was an accumulation of ice; and that the plaintiff's fall was caused solely by slipping on it.

In submitting the case to the jury the court charged fully as to the law concerning the plaintiff's right of recovery based upon the claimed defect of the ice, but made no reference to the claimed existence of the hole or depression. The jury rendered a verdict for the defendant. On the plaintiff's motion, the court set this aside because of its failure to instruct the jury as to the plaintiff's right of recovery for injury resulting from the hole coupled with naturally caused ice, pointing out that they might have found that the hole constituted a defect in the highway and had existed long enough to have charged the town with notice rendering it liable upon this ground, notwithstanding the ice might have been there too short a time to bring home

to the defendant notice of the icy condition essential to recovery for that defect by itself. In support of its ruling the court relied upon *Messina* v. *New Haven*, 119 Conn. 166, 174 Atl. 188. In that case, where there was evidence that the plaintiff's foot sank into a hole in the sidewalk covered by snow only two inches deep, we said (p. 168): "Where . . . the injury is the result of a defect combined with . . . a natural cause which was a natural incident of the use of the highway, the municipality is liable unless it appears that the . . . natural cause was so direct and separate in its operation that it, and not the defect, must be held to have been the essential or proximate cause of the injury. *Frechette* v. *New Haven*, 104 Conn. 83, 132 Atl. 467; *Jennes* v. *Norwich*, 107 Conn. 79, 140 Atl. 119."

The defendant seeks and is entitled to have the plaintiff's claims of proof in the finding corrected by striking out the statement that one or both of her feet went into the hole or depression. Her claims of proof that she slipped on ice which had gathered in the hole and frozen remain, however. Nothing in the memorandum of the trial court in setting aside the verdict indicates that it was proceeding on the ground that there was sufficient evidence to go to the jury to substantiate a claim that the plaintiff's foot went into the hole; it is quite consonant with that memorandum that the court was considering the case upon the basis of proof that the ice completely filled the hole and the plaintiff slipped on its smooth surface; indeed, we cannot assume that the trial court proceeded upon the assumption that facts were proved which had no foundation in the evidence. If it be said that to treat the case as one where the plaintiff slipped on smooth ice which filled the hole is to discuss facts different from those which the plaintiff claimed to have proved, the answer is this: If the trial court felt that, to secure justice to

the parties, it should have submitted the case to the jury upon the basis of the facts reasonably supported by the evidence, even though not claimed by the plaintiff to have been proven, it had the right to set the verdict aside. "As we have frequently pointed out, a trial judge is not an umpire in a forensic encounter of advocates and he may and should submit to the jury any issues within the pleadings reasonably supported by the evidence which are necessary to secure justice between the parties." *Strong* v. *Carrier*, 116 Conn. 262, 263, 164 Atl. 501.

The question for determination, therefore, is whether under the principle quoted above from the *Messina* case the fact that the jury might have found that the defendant permitted the depression to continue, resulting in the accumulation of water which changed to the ice that caused the plaintiff's fall, is sufficient to require a charge on "a defect combined with a natural cause." In the *Frechette* case, supra, we stated (p. 89): "If the injury would not have occurred but for the natural cause, the defect cannot be held to have produced the injury, nor can it be held to have been the essential cause of the injury." We quoted this with approval in the *Jennes* case, supra, where we further said (p. 84): "If the court had found that the ice storm of that morning had levelled the ridges and covered all the irregularities of the walk so that its surface was a smooth sheet of glare ice upon which the plaintiff fell it would necessarily follow that such condition and not the prior defect was the proximate cause of her fall." There is this distinction upon the facts, however, between these cases and the instant case: in neither of them, as the jury might have found here, did the defect cause the slippery condition which resulted in the injury and which, except for the defect, would not have existed at

all. Is this distinction such as to render the rule stated in these cases inapplicable?

The question is one of proximate cause. A defect in a highway includes that condition in the traveled path "which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result." *Hewison* v. *New Haven,* 34 Conn. 136, 142; *Riccio* v. *Plainville,* 106 Conn. 61, 63, 136 Atl. 872; *Older* v. *Old Lyme,* 124 Conn. 283, 284, 199 Atl. 434. The fundamental test of whether the causal relation between the defect and the plaintiff's damage will suffice to maintain her action is, was the defect the sole cause in producing the damage? *Gustafson* v. *Meriden,* 103 Conn. 598, 606, 131 Atl. 437; *Bartram* v. *Sharon,* 71 Conn. 686, 695, 43 Atl. 143. Applying these principles, even though the jury might have found that without the defect consisting of the depression there would have been no ice and that therefore the depression caused the subsequent defect of the icy surface, the question remains whether, notwithstanding such finding, as a matter of law the creation of this latter defect eliminated the former as the sole proximate cause of the plaintiff's injury. Upon the plaintiff's claims of proof as corrected, implicit in any finding by the jury supporting a cause of action in her would be the fact that in consequence of the formation of the ice in the depression the original physical defect as such had been eliminated, and that the only existing defect operative at the time to produce the plaintiff's fall was the slippery condition of the ice which had supplanted it. In other words, they must have found that this of itself constituted the sole proximate cause of the plaintiff's injury. This being so, what we further observed in the *Messina* case (p. 169), concerning the snow as a natural cause

there, holds true with regard to the ice here. "If, as we said of the ice storm in the *Jennes* case, it were found that the snow fall had covered all the irregularities of the walk to such an extent that the plaintiff's foot could not have come in contact with the structural defect, it would necessarily follow that such condition, and not the prior defect, was the proximate cause of her fall." In the only case exactly on all fours upon its facts which has come to our attention, the court said: "But here the hole or depression does not combine with the ice, and is not present with it. There is no hole at the time, as it is filled with ice and the surface is made level as ice can be anywhere. The plaintiff was not injured by stepping into the hole, but by slipping on the ice." *Chamberlain* v. *Oshkosh*, 84 Wis. 289, 294, 54 N.W. 618. We therefore conclude that the trial court was in error in deciding that the plaintiff was entitled to a charge in accordance with the first quotation made from the *Messina* case, and in setting aside the verdict for the defendant on that ground.

Under her bill of exceptions the plaintiff assigned error in the court's failure to charge as requested concerning liability on the part of the town for breach of its duty to construct a shoulder and to provide proper drainage facilities, in consequence of which water and ice naturally collected in depressions resulting from the flow of surface water, rendering the highway defective. The construction and maintenance of highways is a governmental act, and only to the extent provided by statute can a municipality as agent of the state be held liable to a private individual injured by a failure to properly fulfill this duty. *Bartram* v. *Sharon*, supra, 692; *Belhumuer* v. *Bristol*, 121 Conn. 475, 477, 185 Atl. 421; *Coletti* v. *Bridgeport*, 103 Conn. 117, 119, 130 Atl. 175; *Lavigne* v. *New Haven*, 75 Conn. 693, 696, 55 Atl. 569. The plaintiff's sole right

of recovery is for injuries caused "by means of a defective road." General Statutes, § 1420. Liability depends upon the existence of a defect, not the underlying causes which produced it. *Bartram* v. *Sharon*, supra, 694; *Seidel* v. *Woodbury*, 81 Conn. 65, 66, 70 Atl. 58. No liability arises "unless and until the highway has been rendered defective." *Rogers* v. *Meriden*, 109 Conn. 324, 327, 146 Atl. 735. The instructions requested, relating as they did to the defendant's failure to discharge its governmental duty to construct the highway properly and to physical conditions which were antecedent to the existence of the defect in question even though productive of it, were properly refused. The authorities relied upon by the plaintiff fail to sustain her claim to the contrary. The case of *Adams* v. *Chicopee*, 147 Mass. 440, 443, 18 N.E. 231, holding that where there are underlying circumstances which produce the slippery condition and the municipality is responsible for them it may be held liable, represents a limitation of that jurisdiction's rule that there is no liability merely because a highway is made slippery by snow and ice. See *Pinkham* v. *Topsfield*, 104 Mass. 78, 83. The same situation seems to exist in Pennsylvania. See *Bucher* v. *Sunbury Borough*, 216 Pa. 89, 64 Atl. 906. In *Hill* v. *Fond du Lac*, 56 Wis. 242, 246, 14 N.W. 25, and *Ziegler* v. *Spokane*, 25 Wash. 439, 65 Pac. 752, the courts were avoiding the issue of liability based merely on a slippery condition, because the facts did not require that the question be passed upon.

There is error and the case is remanded with direction to enter judgment upon the verdict.

In this opinion the other judges concurred.